MARSHALL J. BRADLEY, ADMINISTRATOR (ESTATE OF
JOSEPHINE C. LINDEMAN) *vs*. E. MABELLE CLARKE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 8th—decided July 16th, 1934.

*Jacob Schwolsky*, for the appellant (plaintiff).

*Robert L. Halloran*, with whom, on the brief, was
*Wilson C. Jainsen*, for the appellee (defendant).

AVERY, J.   The complaint in this case alleges that
on May 3d, 1933, and for several weeks prior thereto,
the plaintiff's intestate was living with her sister, the
defendant, another sister and their mother in West

Hartford. In the previous December, the husband of the plaintiff's intestate died and was buried in the family plot in the Grove Street Cemetery in Putnam, which plot has a monument in the center with a marker at each grave. The defendant suggested to her sisters and mother that they go to the cemetery for the purpose of agreeing on a marker that in appearance and construction would be in harmony with the surroundings, to arrange for the grading of the entire plot, in view of the fact that the ground had sunk at places, and to designate the graves for the rest of the members of the family as well as to arrange for their future supervision. It was thereupon agreed that it was for their mutual advantage that a trip to the cemetery be undertaken for these purposes, and on the morning of May 3d, 1933, the trip was undertaken in an automobile owned and operated by the defendant in which were riding with her the plaintiff's intestate, their sister and mother. It was further alleged that due to the negligent operation of the automobile by the defendant, it left the traveled portion of the road and crashed into a tree, whereby the plaintiff's intestate was killed. The automobile was one purchased by the defendant and used and maintained for her use and pleasure and that of the members of her family living with her, of whom the plaintiff's intestate was one.

The complaint was demurred to upon the ground that it appeared therein that the plaintiff's intestate was a passenger in the automobile, and that there was no allegation that the accident was intentional or caused by the defendant's heedless or reckless disregard of the rights of others; and that there was no fact alleged sufficient to take the case out of the operation of the "guest statute," General Statutes, § 1628. The demurrer was sustained and, the plaintiff refusing

to plead over, judgment was entered in favor of the defendant, from which the plaintiff has appealed.

The only question involved in this appeal is whether the plaintiff, under the allegations of the complaint, was a guest within the meaning of this statute. The purpose of this legislation was to deny a recovery for negligence against one transporting in his automobile a member of his family, a social guest, or a casual invitee in an action brought by the recipient of his hospitality. *Russell* v. *Parlee,* 115 Conn. 687, 692, 163 Atl. 404. By the terms of the statute, a public carrier or any owner or operator of a vehicle being demonstrated to a prospective purchaser is not relieved of responsibility to a passenger for injuries caused by him. There are obviously other situations where a person may be riding in an automobile driven by another and not be a guest within the purview of the statute.

In *Kruy* v. *Smith,* 108 Conn. 628, 631, 144 Atl. 304, the plaintiff was a laundress, working by the day, and was being transported to the defendant's house in an automobile operated by the latter, under a prearrangement made with her whereby she was enabled to save the considerably longer time required to get to the defendant's house by a street railroad; and we held in that case that the relation between the parties was one of employer and employee, the transportation having been furnished and accepted to facilitate the performance of the work for which the plaintiff was employed. *Russell* v. *Parlee, supra,* 687, 691, involved a similar principle. There, the defendant owned a farm on which a man named Grant was employed to cultivate the garden, receiving board and lodging for so doing. Grant hired the plaintiff to assist him in working the farm and another. At Grant's request, the defendant drove to the other farm to bring Grant back

to work upon his own. The plaintiff also got into the car and was injured on the ride back. The defendant knew that the plaintiff was going to her place to help Grant cultivate the garden on her farm. Obviously, the plaintiff was not a guest in riding in the defendant's automobile under these circumstances. In *Gage* v. *Chapin Motors, Inc.,* 115 Conn. 546, 162 Atl. 17, the defendant's mechanic had been repairing the plaintiff's car and was driving the latter in a road test to determine if the defect had been corrected; and we held that the trial court could reasonably have reached the conclusion that the operation of the car arose out of a contractual relationship between the parties, and was the result of and incidental thereto and directed toward the accomplishment of its purposes, and was therefore for the mutual benefit of the plaintiff and defendant. On the other hand, in *Leete* v. *Griswold Post,* 114 Conn. 400, 407, 158 Atl. 919, the plaintiff was injured while being transported in an ambulance of the defendant for which no charge was made but there was a reasonable prospect that he would later make a donation to the defendants for its ambulance fund, and we held that the plaintiff was a guest. In *Silver* v. *Silver,* 108 Conn. 371, 374, 143 Atl. 240, it was assumed by all parties that a wife riding in her husband's car upon his invitation was a guest within the meaning of the statute. See also *Romansky* v. *Cestaro,* 109 Conn. 654, 659, 145 Atl. 156; *Nemoitin* v. *Berger,* 111 Conn. 88, 89, 149 Atl. 233.

Although the complaint in the present case alleges as a conclusion of law that the plaintiff's intestate and the defendant were engaged in an enterprise for their mutual benefit, if the subordinate facts alleged do not support this conclusion, the mere allegation is not sufficient. *Milaneseo* v. *Calvanese,* 92 Conn. 641, 643, 103 Atl. 841. The subordinate facts alleged show that

the parties were members of the same family, traveling in a family automobile to inspect a family burial lot to decide what to do about the care of the lot and the arrangement of the stones therein. The automobile was a family car, owned and driven by one of the members and used for a purpose in which all were interested. This is precisely the type of case to which the "guest statute" was intended to apply; and, under these circumstances, we hold that the plaintiff's intestate was a guest within the meaning of the statute. There was not such a mutual benefit as to change his status from that relationship. The principle is stated in *Leete* v. *Griswold Post, supra,* page 408, where we said that the extent and nature of the reciprocal advantages which will change the relationship from that of guest to that of one of mutual benefit "are not unlimited but are confined to certain definite relations, such as master and servant, and to tangible benefits accruing to the transporter."

The trial court did not err in sustaining the demurrer.

There is no error.

In this opinion the other judges concurred.