273 P.2d 752

**FEATHERSTONE et al.**

**v.**

**BUREAU OF REVENUE.**

No. 5778.

Supreme Court of New Mexico.

Aug. 18, 1954.

Jason W. Kellahin and Chester A. Hunker, Santa Fe, for appellant.

Seth & Montgomery, Santa Fe, Tippit, Haskell & Welborn, Denver, Colo., for appellees.

ARLEDGE, District Judge.

This case was tried in the District Court below on complaint, answer and stipulation. There was no dispute as to any material fact. From an adverse decision, the defendant, Bureau of Revenue, State of New Mexico, appellant, appeals.

There are several assignments of error but in essence defendant-appellant contends that the trial court erred in its conclusions of law. This case involves the construction of § 76–1207(j), NMSA 1941 Comp., that is to say: "Is the owner of a so-called 'wildcat' oil lease on which there is no production, entitled to the 27½% depletion allowance when he assigns the lease for a cash bonus (reserving, in addition, over-riding royalties thereon)?"

The trial court made findings of fact to the effect that during the years 1947 to 1950, plaintiffs-appellees assigned certain oil and gas leases for a cash bonus and reserved over-riding royalties; that during the said years, plaintiffs-appellees deducted from said bonus 27½% thereof as an amount representing percentage depletion; that defendant-appellant disallowed said deductions for depletion and asserted against plaintiffs-appellees an income tax deficiency aggregating $3,358.34. After hearing and protest, the plaintiffs filed this suit against defendant, Bureau of Revenue, State of New Mexico.

The trial court made conclusions of law, finding that it had jurisdiction of the subject matter and the parties; that the deductions taken by plaintiffs for depletion were proper and lawful and were authorized by § 76–1207(j), NMSA 1941 Comp. The trial court then concluded that plaintiffs should not be required to pay the tax.

The cited statute is from § 7, Ch. 85, N.M. Session Laws of 1933, as last amended, and reads:

"(j) A reasonable allowance for the depreciation and obsolescence of property used in the trade or business; and in the case of mines, quarries, oil and gas wells, and other natural deposits and timber, a reasonable allowance for depletion, which shall be made under rules and regulations to be prescribed by the commissioner of revenue, but in no instance shall such allowance exceed an amount equal to fifty (50) per cent of the net income of the taxpayer (computing without allowance for depletion) from the property. In the case of leases the deductions allowed may be equitably apportioned between the lessor and lessee."

The cited New Mexico statute was adopted by this State on March 14, 1933. A minor amendment enacted in 1937 was repealed in 1939 and the statute now stands as quoted above. The language of the 1933 N. M. statute appears to have been taken from the United States Revenue Act of 1932, 47 Stat. 169 et seq., which was in effect on March 14, 1933. Sections 23 and 114 of the United States Revenue Act of 1932 read in pertinent parts as follows:

"(*l*) *Depletion.* In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. * * * In the case of leases the deductions shall be equitably apportioned between the lessor and lessee." * * *" Sec. 23 (*l*), 26 U.S.C.A. § 23 (m).

"(3) *Percentage depletion for oil and gas wells.* In the case of oil and gas wells the allowance for depletion * * * shall be 27½ per centum of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance * * * be less than it would be if computed without reference to this paragraph." Sec. 114(b)(3), 26 U.S.C.A. § 114(b) (3).

These sections of the 1932 Revenue Act of the United States have been several times construed by the Supreme Court of the United States. In Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 227, 77 L.Ed. 489, decided January 9, 1933, the Court held the bonus received by the taxpayers "was a return *pro tanto* of the petitioner's capital investment in the oil, in anticipation of its extraction," and "he (the taxpayer) has an economic interest in the oil, in place, which is depleted by production." The Court further held that the taxpayer (lessor) was thus entitled to a depletion allowance on the bonus and royalties.

In Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318, decided December 5, 1932, the Court held that both bonus and royalties are a return of capital invested in oil in the ground for which a depletion allowance must be made.

In Vol. 4, Mertens, "Law of Federal Income Taxation" the learned author states at page 205:

"It is possible to understand the idea of depletion from the economic or geological viewpoint, and totally to misunderstand it from the standpoint of the income tax, unless one essential idea is kept constantly in mind—that depletion is a creature of the statute. Perhaps it should not be, but it is. There is much to be said for the argument never properly advanced that items should be separated when they come to a taxpayer, into their constituent parts of capital and income as a molecule may be separated into atoms. The very idea of the income tax from a constitutional viewpoint implies a differentiation between that which is capital and that which is the product or yield of capital. The implication of the phrase 'product or yield of capital' is that the capital shall be preserved intact. The Supreme Court has definitely settled this controversial point. All the deductions—not only ordinary and necessary expense, taxes, and such deductions, but depletion as well—are a matter of legislative grace or discretion."

Beveridge, in "Federal Taxation of Income from Oil and Gas Leases" (1948), states as follows at page 106:

"When the landowner executes an oil and gas lease, he usually demands a cash payment or bonus as part of the consideration for execution of the lease * * * The bonus and the royalty are both subject to the depletion deduction." Burnet v. Harmel, 1932, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199. Herring v. Commissioner, 1934, 293 U.S. 322, 55 S.Ct. 179, 79 L.Ed. 389. (Construing the Federal Internal Revenue Code of 1926.)

The rule of law as applies to a landowner would also clearly apply to a lease owner who assigned or sub-leased.

In Vol. 4 Mertens, op. cit. supra, pages 210 to 222 (pars. 24.07 to 24.15, incl.), the author has collected and compared the depletion allowances provisions of the Federal Revenue Acts of 1916, 1918, 1921, 1924, 1926, 1928 and 1932. Without retracing this history by word and comma, it is nevertheless clear that the language of the 1932 Federal Act was understandable and had been interpreted by decisions of our highest Court and that under the Federal Act the taxpayers here were entitled to the depletion allowance. This is true even though there was no production on the property during the taxable year, for "depletion is correlated to income—not production", Mertens, op. cit. supra, page 224.

Again in Herring v. Commissioner, supra, the United States Supreme Court in construing the 1926 Federal Act, which is similar to our own New Mexico statute under consideration here, held that the tax-

payer was entitled to the statutory percentage depletion allowance although there was no production when the leases were made or at any time within the taxable year.

On the basis of the similarity of the cited 1932 federal statute with the 1933 New Mexico statute under consideration here and on the basis of the construction of the federal statute by our highest federal Courts, counsel for the taxpayers-appellees contend that this Court should follow the reasoning and interpretation of the federal Courts, citing Sec. 5209, Sutherland "Statutory Construction" (3d Ed., 1943). The contention has great merit.

In Smith v. Meadows, 1952, 56 N.M. 242, 242 P.2d 1006, 1011, we held:

"Our statute, passed in 1935, was adopted verbatim from the statute of Connecticut which became effective July 1, 1927. (Public Acts 1927, Ch. 308, Sec. 1, recently repealed). Applying the general rule of law, the legislature of the State of New Mexico having adopted the Connecticut statute verbatim, is presumed to have adopted the prior construction and interpretation of such statute by the highest court of Connecticut. This presumption is strong and should be recognized unless it is overthrown by stronger reasons or evidence that prior construction was not adopted by New

Mexico. We shall apply the general rule in. this case as we see no reason or evidence that such construction by the courts of Connecticut was not adopted. This general rule has been frequently announced by this court in the following cases: White v. Montoya, 46 N.M. 241, 126 P.2d 471; McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250; Palmer v. Town of Farmington, 25 N.M. 145, 179 P. 227; Dow v. Simpson, 17 N.M. 357, 132 P. 568; and Reymond v. Newcomb, 10 N.M. 151, 61 P. 205."

■ We therefore hold that the construction of the adopted federal statute by the federal courts will be given the same force in New Mexico as though the statute had been adopted from a sister state.

Appellant's single point relied upon for reversal is stated as follows:

"That the regulation known as Art. 7(j)–5 as promulgated by the Income Tax Division, Bureau of Revenue, State of New Mexico, is valid."

The regulation referred to would seem to provide that depletion could only be taken in cases where there is production. Assuming that the regulation does so provide, then it is our conclusion, pursuant to the reasoning above set forth, that this regulation is inconsistent with the Act itself and not proper under § 76–1247, NMSA

1941 Comp., entitled, "Rules and regulations."

■ It follows that the taxpayers-appellees should be entitled to the depletion allowance here and that the decision of the trial court should be affirmed.

It Is So Ordered.

SADLER, LUJAN and SEYMOUR, JJ., concur.

McGHEE, C. J., and COMPTON, J., not participating.