395 P.2d 677

**J. H. MARKHAM, Plaintiff-Appellant,**

v.

**A. J. GIANNINI, Defendant-Appellee.**

No. 7478.

Supreme Court of New Mexico.

Oct. 5, 1964.

**543**

J. D. Weir, J. R. Crouch, Las Cruces, for appellee.

COMPTON, Chief Justice.

The plaintiff, allegedly a passenger for hire, brought this action to recover damages for personal injuries sustained by him while a passenger in an automobile driven by the defendant. From a judgment in favor of the defendant, based upon a jury verdict, the plaintiff appeals.

The plaintiff alleged four causes of action, to-wit, negligence of the defendant in the operation of the vehicle; failure to maintain the automobile in a safe and proper condition; the doctrine of res ipsa loquitur; and the doctrine of last clear chance. The answer of the defendant, in addition to a general denial, set forth four separate affirmative defenses, to-wit, contributory negligence, assumption of risk, the guest statute and unavoidable accident. The cause was submitted to a jury but at the conclusion of the plaintiff's case the court withdrew from the jury's consideration all causes of action except negligence in the operation of the vehicle. On the issue of negligence the jury found for the defendant, and judgment was entered accordingly.

The crucial question is whether the appellant was a guest in the automobile of the appellee at the time of the accident and in-

E. Forrest Sanders, Wm. W. Bivins, Las Cruces, for appellant.

jury within the meaning of § 64–24–1, N.M. S.A., 1953 Comp., which reads:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

Appellant's position is that he was not a guest within the meaning of the statute and contends that the court committed prejudicial error in instructing the jury on the guest statute. We think appellant's position is well taken. There is no evidence that would support a finding by the jury that he was a guest. On April 23, 1961, the parties drove from Albuquerque, New Mexico, to El Paso, Texas, in the defendant's automobile to meet with prospective purchasers of jewelry gold owned by the defendant. The plaintiff had located the prospective purchasers, arranged for the meeting, and he was to share in the profits from the sale of the gold over and above a certain set price. The parties had been business acquaintances and friends for more than a year, during which time they had made a number of automobile trips together in connection with unrelated mining operations. In this instance there were no prearranged plans covering the expenses of the trip but according to the usual custom the appellant shared the driving and the costs of gasoline and meals on a voluntary basis. The accident occurred on the return trip to Albuquerque on the same day about 11:30 p. m. on U. S. Highway 85, a short distance north of the intersection of that highway with U. S. Highway 70–80 at Las Cruces, New Mexico. The defendant was driving about 18 or 20 miles per hour and the plaintiff was sitting to his right on the front seat.

In construing our statute we have held that the voluntary payment for gasoline and oil by a passenger does not, alone, constitute the trip a joint enterprise and remove him from the statute. Silva v. Waldie, 42 N.M. 514, 82 P.2d 282; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349.

But the purpose of this trip is perfectly clear. It was for the mutual interest of the driver and the passenger. Both parties so testified, and there is no evidence to the contrary. It is generally held that if the carriage of a person in a motor vehicle tends to promote the mutual business or commercial interest of the person carried and the driver, the former is not a guest. 4 Blashfield, Cyclopedia of Automobile Law

and Practice, Perm. Ed., pp. 307–310; 5A Am.Jur., Automobiles and Highway Traffic, § 514, pp. 552–553; 60 C.J.S. Motor Vehicles § 399(5), p. 1011 ct seq.; 59 A.L. R.2d, pp. 336–365; 8 Am.Jur.2d., Automobiles and Highway Traffic, § 481, p. 49.

Our Automobile Guest Act was adopted from Connecticut, Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006, and exhaustive discussions of the term "guest" are found in Chaplowe v. Powsner, 119 Conn. 188, 175 A. 470, 95 A.L.R. 1177; Bradley v. Clarke, 118 Conn. 641, 174 A. 72; Gage v. Chapin Motors, 115 Conn. 546, 162 A. 17; Sigel v. Gordon, 117 Conn. 271, 167 A. 719.

■ Where the facts plainly show that the guest statute is not applicable, it is error for the trial court to submit an instruction with respect thereto to the jury. In Silva v. Waldie, supra, the facts as to whether the guest statute applied were in controversy, and the question was therefore one for the jury. Here it is purely a question of law.

Other points are raised and argued but the conclusion announced obviates our determination of other questions. The judgment should be reversed with directions to proceed in a manner not inconsistent herewith, and it is so ordered.

CARMODY and NOBLE, JJ., concur.