405 P.2d 662

John M. LEWIS, Administrator of the Estate of Nancy Lewis, Deceased, Plaintiff-Appellant,

v.

Richard John KNOTT and V. A. Knott, Defendants-Appellees.

No. 7605.

Supreme Court of New Mexico.

Aug. 2, 1965.

Rehearing Denied Sept. 3, 1965.

C. LeRoy Hansen, William E. Snead, Albuquerque, for plaintiff-appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for defendants-appellees.

COMPTON, Justice.

This appeal involves the construction of our so-called Guest Statute, § 64–24–1, 1953 Comp., which reads:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such

transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

At about 9:00 p. m., on June 27, 1962, the appellee, Richard John Knott, while operating an automobile belonging to his father, appellee V. A. Knott, on a slight curve, the left front tire blew out. He lost control of the automobile and it skidded and overturned several times thereby causing the death of his passenger, Nancy Lewis.

The plaintiff, as administrator of the estate of his daughter, Nancy Lewis, deceased, instituted this action against the defendants charging in a first cause of action that her death was caused by their ordinary negligence, and in a second cause of action that death was caused by their gross, heedless and reckless disregard of the rights of plaintiff's intestate. Issue was joined on the question of negligence and certain affirmative defenses were interposed by the defendants.

At the conclusion of the plaintiff's case, a motion for a directed verdict by the defendants was sustained. Judgment was entered upon the verdict and the plaintiff has appealed.

The appeal is presented under 3 points. The question under point 1 is whether the owner of the vehicle was protected under the statute, and under point 2 whether the statute relieved the operator of the vehicle from ordinary negligence. Our recent case of Gallegos v: Wallace, 74 N.M. 760, 398 P.2d 982, conclusively settles both questions. Where the owner is not the operator no cause of action exists against him for the negligence of the operator. A nonowner operator is not included within the statute, and is liable for ordinary negligence.

In view of the conclusion reached, it becomes necessary to dispose of appellant's point 3. He contends that the court erred in refusing expert testimony as to the speed of the automobile at the time of the accident. The appellees, on the other hand, contend that the tendered testimony was properly excluded because it was based on critical curve speed when the car was out of control, i. e., between points marked A, B and C on a diagram admitted into evidence, and could have had no bearing on the speed of the car before it went out of control. We think appellant's contention is well taken. The critical curve speed of the A–B–C curve radius was but one factor considered by the expert in conjunction with all the other facts in evidence in forming his opinion regarding the speed the car was traveling when it went into the curve radius.

It should be pointed out at the beginning that the diagram made by the investigating police officer at the scene of the accident, containing points marked A through E, reconstructing the progress of the car from the physical evidence, is not before this court. Nevertheless, the marked points appear from the record to be as follows: Point A is where the car had its right wheels on the gravel shoulder of the road at the sharp end of the curve in the highway. Point B is the position of the right wheels of the car 250 feet beyond point A, still on the gravel shoulder, and the place at which a sharp turn to the left was made. Between points B and C the car was tilted on its right wheels and spinning. Point C is 40 or 45 feet distant in the center of the highway, at the end of which the police officer testified the car slid and turned over. At point D the car turned back onto its wheels, and point E is where it came to rest.

The police officer was permitted to testify also that he estimated from his diagram as to the progress of the car that it was going at an excessive rate of speed. His opinion as to a particular speed was excluded because he was not an expert in that field. The appellant then offered the testimony of an expert on this issue.

The expert witness testified as an abstract proposition that any car will go out of control beyond the critical curve speed of a particular curve radius, depending upon how sharp the steering wheel is turned and regardless of the make of the car; that the radius of the curve here between points A and C was 510 feet. It was at this point that the appellant tendered the testimony of the expert, which was refused. It is substantially as follows: From viewing the scene, and the condition of the highway, and the police officer's diagram, he found a radius of the curve between points A and C. Using geometrical figures and formulae he could ascertain the critical curve speed of the radius to be slightly less than 80 miles an hour. Assuming the officer's testimony that the car was out of control between those points, he could estimate that the car was traveling at least 80 miles per hour. Taking into consideration the marks from the skidding of the car on its top and fender he could estimate that the car was going fast enough so that 5 miles an hour could be added to the speed it was traveling when it went around the curve radius from A to C, and that speed in his opinion would be 85 miles an hour.

We do not understand, as contended by appellees, that the tender of the testimony was an attempt to show where the car went out of control. There is nothing in the record to pinpoint the exact location where control was lost. The tender specifically assumed the officer's testimony that the car was out of control within the curve radius. The expert's opinion, based upon this assumption, and other facts in evidence, re-

lated to the speed the car was going at point A.

In the present case, the question of speed was vital in the determination of the issue of negligence. It was also highly controverted. The defendant-driver testified to the speed at which he was traveling as he approached the vicinity of point A, and as to what occurred thereafter. The police officer testified from his diagram reconstructing the progress of the car from point A, which was admitted in evidence, that the speed was excessive. The evidence of the physical facts was before the jury. Based upon those facts and upon the testimony of the police officer, we think the opinion of the expert as to his estimate of the speed and how he arrived thereat was relevant and admissible, leaving it to the jury to decide what weight, if any, was to be given to the testimony. Reid v. Brown, 56 N.M. 65, 240 P.2d 213.

Whether a witness is qualified to testify as an expert is a matter addressed to the discretion of the trial court. Landers v. Atchison, Topeka & Santa Fe Railway Co., 68 N.M. 130, 359 P.2d 522; Alford v. Drum, 68 N.M. 298, 361 P.2d 451. No attack was made below, or here, on the qualifications of this witness as an expert. Nor is there any authority in this jurisdiction requiring an expert witness to be present at the scene of an accident or to see anything. See Padgett v. Buxton-Smith Mercantile Company, USCA 10th Cir., 262 F.2d 39. To the contrary, by reason of his special knowledge in a given field, outside the common experience of man, an expert may give his opinion as to the facts in evidence, and as to what may or could have caused a certain result. Beal v. Southern Union Gas Co., 66 N.M. 424, 349 P.2d 337, 84 A.L.R.2d 1269; Atchison, Topeka & Santa Fe Railway Co. v. Simmons, CCA 10th Cir., 153 F.2d 206. Such testimony is admissible on the basis that it will aid the jury to understand the problem and lead them to the truth of the ultimate facts, and such opinions may be disregarded by the jury in whole or in part, with the jury ultimately deciding the issue. Lopez v. Heesen, 69 N.M. 206, 365 P.2d 448. An expert's estimate of speed, based upon the facts in evidence, is admissible. Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256; Alford v. Drum, supra.

It follows that the judgment should be affirmed as to the appellee, V. A. Knott, and reversed as to the appellee, Richard John Knott.

It is so ordered.

CARMODY, C. J., and MOISE, J., concurring specially.

MOISE, Justice (concurring specially).

While I agree with the result reached in the opinion prepared by Justice Compton, I do not agree that our recent case of Galle-

gos v. Wallace, 74 N.M. 760, 398 P.2d 982, settles appellant's point 1, to the effect that the guest statute does not protect an absent non-driver owner. As a matter of fact, an inference might be drawn from what was said in Gallegos v. Wallace, supra, that only an owner driver was entitled to the protection afforded by the statute. In that case it was not clear if the owner who was present in the car was driving, and the only negligence asserted was in the manner the car was being driven.

We have never considered whether a non-driver owner is entitled to protection of the guest statute. We are impressed that it was intended by the legislature that owners should be relieved of liability to guests in a motor vehicle unless the accident resulted from intentional conduct, or heedless or reckless disregard of the rights of others. The fact that the title was defective so as to prevent non-owner operators from receiving protection of the statute does not alter the rights of the owner to its benefits against a person transported as a guest by either the owner or operator.

That this must have been the intention of the legislature is evident from the broad title to the legislation, reading: "An act releasing owners of motor vehicles from responsibility for injuries to passengers therein," when considered with the language in the act itself that owners are relieved from liability to guests of the owner or operator absent "heedless or reckless disregard of the rights of others." Ordinary rules of statutory construction require a conclusion that the owner is covered thereby whether driving or not, when suit is brought by a guest, whether his own or the operator's. See Beatty v. City of Santa Fe, 57 N.M. 759, 263 P.2d 697. Also see note 91 A.L.R.2d 323.

The result reached by Justice COMPTON being correct, I concur therein.

CARMODY, Chief Justice (concurring specially).

I concur in the result reached in the opinion prepared by Justice COMPTON, but on the basis stated in the specially concurring opinion by Justice MOISE.