419 P.2d 251

**Mary Alice LOPEZ, a minor, by her father and next of friend, Benny Lopez, and Benny Lopez, Plaintiffs-Appellants,**

**v.**

**Adela BARRERAS and Fidel Barreras, Third-Party Defendants-Appellees.**

**No. 7998.**

Supreme Court of New Mexico.

Oct. 17, 1966.

---

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellants.

Iden & Johnson, Richard G. Cooper, Eric D. Lanphere, Albuquerque, for appellees.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

The issue is whether the family purpose doctrine extends the protection of the guest statute to a non-owner operator.

Mary Alice Lopez was a passenger in a car driven by Adela Barreras, a minor. No issue is raised as to the status of Mary Alice as a guest within the meaning of § 64–24–1, N.M.S.A.1953.

There was an accident. In their suit for damages, plaintiffs allege that Adela Barreras negligently operated the car, that the car was owned by Fidel Barreras, her father, and that Adela operated the car under the family purpose doctrine. The trial court granted summary judgment in favor of both Barreras defendants. The appeal is from the judgment in favor of Adela, the daughter.

On the same fact situation as here, Lewis v. Knott, 75 N.M. 422, 405 P.2d 662, held that a non-owner operator was not included within the guest statute and was liable for ordinary negligence.

Defendant asserts that Lewis v. Knott, supra, is not controlling because of the family purpose doctrine. She contends: (1) under the family purpose doctrine Adela is agent of her father. Boes v. Howell, 24 N.M. 142, 173 P. 966, L.R.A.1918F, 288; Burkhart v. Corn, 59 N.M. 343, 284 P.2d 226; (2) Adela, as agent, is held to the same standard of care as Fidel, her principal, Restatement (Second), Agency 2d, § 347(b) (1958); and (3) because Fidel, as owner, is not liable for ordinary negligence under the guest statute, Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982, neither is Adela.

Defendant relies on Herzog v. Mittleman, 155 Or. 624, 65 P.2d 384, 109 A.L.R. 662; Richards v. Parks, 19 Tenn.App. 615, 93 S.W.2d 639; and McAndrews v. Leonard, 99 Vt. 512, 134 A. 710. These cases are distinguishable either because the guest statute involved included operators or because there was no guest statute.

Defendant would equate the "owner" of the guest statute with the "principal" of the family purpose doctrine. By this equation, she would extend the guest statute

to include an operator. If such is valid, it should be just as valid to equate a non-owner operator with the "agent" of the family purpose doctrine, apply the liability of the agent to the principal, and thereby hold a principal liable for ordinary negligence even though the principal was an "owner" under the guest statute. The result in each instance would depend upon one's starting point. In each instance the result would change the applicability of the guest act.

Thus, there is a conflict between the family purpose doctrine and the guest statute. In this case, the conflict is between Fidel Barreras as a family purpose principal and Fidel Barreras as a guest statute owner.

The resolution of this conflict depends upon which is the more specific rule of law —the guest statute or the family purpose doctrine.

■ The guest statute was enacted for the purpose of taking away a guest's common law negligence action. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006. Gallegos v. Wallace, supra, stated:

"* * * [T]hat the legislation affected only the *owner* of a vehicle and that its scope was restricted to such *owners*."

■ Ownership of the car is not a controlling factor in determining the applicability of the family purpose doctrine. Stevens v. VanDeusen, 56 N.M. 128, 241 P.2d 331; Pouliot v. Box, 56 N.M. 566, 246 P.2d 1050. The family purpose doctrine applies to Fidel Barreras regardless of whether he is the owner; the guest statute applies to him only because he is the owner. The guest statute is more specific.

■ Conflicts between general and specific statutes are resolved by giving effect to the specific statute. As stated in Varney v. City of Albuquerque, 40 N.M. 90, 55 P.2d 40, 106 A.L.R. 222;

"A statute enacted for the primary purpose of dealing with a particular subject prescribing terms and conditions covering the subject-matter supersedes a general statute which does not refer to that subject although broad enough to cover it."

■ The specific statute is considered an exception to or qualification of the general statute. Martinez v. Cox, 75 N.M. 417, 405 P.2d 659.

■■ These rules of construction were applied in cases involving specific and general statutes. However, we see no reason why the rules should not be applied to resolve a conflict between the guest statute and the family purpose doctrine, which is a court-stated rule of law. Boes v. Howell, supra.

■ The guest statute, as construed by this court, results in different treatment for an owner and a non-owner operator of

a car. As construed, the guest act supersedes the family purpose doctrine when the statute and doctrine are in conflict.

 Because under the guest statute exemption from ordinary negligence is limited to the owner, the agency of the family purpose doctrine does not expand the limitation to one other than the owner. Adela is liable for ordinary negligence.

The judgment in favor of Adela Barreras is reversed. The cause is remanded with instructions to reinstate the claim against her.

It is so ordered.

NOBLE and COMPTON, JJ., concur.