437 P.2d 157

**Isidro J. ROMERO, Plaintiff-Appellant,**

v.

**William TILTON and Thomas W. William, Defendants-Appellees.**

**No. 74.**

Court of Appeals of New Mexico.

Dec. 22, 1967.

Certiorari Denied Jan. 31, 1968.

Santiago E. Campos, Standley, Kegel & Campos, Santa Fe, for appellant.

James C. Ritchie, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellees.

## OPINION

OMAN, Judge.

This cause is before us on an appeal from a summary judgment entered in favor of defendant.

The undisputed facts material to a determination of the issues are:

(1) That plaintiff was admittedly a "guest" in an automobile owned and being operated by defendant, within the contemplation of § 64–24–1, N.M.S.A.1953, commonly referred to as our Guest Statute.

(2) That while being so transported as such guest in defendant's automobile, a collision occurred between defendant's automobile and another automobile.

(3) That the collision allegedly occurred as a result of the carelessness and negli-

gence of the defendant in driving his automobile into the other vehicle, and that plaintiff sustained personal injuries as a proximate result of the accident and defendant's negligence.

(4) That no claim was made or is being made, that the accident was intentional on the part of defendant, or that it was caused by his heedlessness or his reckless disregard of the rights of others as provided in our guest statute.

The sole point relied upon for reversal is that:

"Section 64–24–1, N.M.S.A., 1953 (Section 1, Chapter 15, Session Laws 1935) is unconstitutional and void in that it violates Article II, Section 18 of the New Mexico Constitution and Section 1 of the Fourteenth Amendment to the Constitution of the United States, and, therefore, it was error for the lower court to grant summary judgment in favor of Appellee and against the Appellant."

Our guest statute provides as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

■ This statute, passed in 1935, was adopted verbatim from the Connecticut statute, and our legislature is presumed to have adopted the prior construction and interpretation of such statute by the highest court of Connecticut. Garrett v. Howden, 73 N.M. 307, 387 P.2d 874 (1963); Featherstone v. Bureau of Revenue, 58 N.M. 557, 273 P.2d 752 (1954); Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006 (1952); see also Markham v. Gianini, 74 N.M. 542, 395 P.2d 677 (1964); Gray v. Armijo, 70 N.M. 245, 372 P.2d 821 (1962); Melfi v. Goodman, 69 N.M. 488, 368 P.2d 582 (1962).

In Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1964), the Supreme Court of New Mexico held that our guest statute contravenes Article IV, Section 16 of the New Mexico Constitution, "insofar as the guest statute includes a non-owner driver." The pertinent portion of Article IV, Section 16 of the New Mexico Constitution which was there involved, and which was quoted by the court in the opinion, provides:

"The subject of every bill shall be clearly expressed in its title, * * * but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void. * * *"

Although the sole question of constitutionality raised in that case was that the title of the guest statute was so restrictive as to prevent the release of non-owner drivers from liability for ordinary negligence, the fact that the above language from our constitution was quoted and considered by the court, the language of the opinion, and the result reached, clearly demonstrate that the court was fully aware of the question of severability, and arrived at its decision by application of the constitutional enjoinder that "only so much of the act as is not so expressed [in the title] shall be void." The court expressly held:

"* * * Our conclusion as to the construction of the guest statute requires the application of one set of legal principles to the facts if it should be determined that Martinez [non-owner of the vehicle] was the driver when the accident occurred, and different legal principles if Wallace [owner of the vehicle] was the driver.

"The record discloses evidence of statements by Martinez inconsistent with his deposition on the issue of whether he or Wallace was driving at the time of the accident. Some inconsistencies appear between statements by Wallace, closely following the accident and his later deposition. These inconsistencies bring into

question the credibility of the defendants as to who was driving; whether if Martinez was the driver the injury was caused by his ordinary negligence; and whether if Wallace was the driver it was caused by his heedless and reckless disregard for the rights of others."

■ In view of the constitutional enjoinder, the opinion of our Supreme Court in Gallegos v. Wallace, supra, and the opinions of that court in the subsequent cases of Lewis v. Knott, 75 N.M. 422, 405 P.2d 662 (1965), and Lopez v. Barreras, 77 N.M. 52, 419 P.2d 251 (1966), we feel compelled to reject plaintiff's contention that the ordinary presumption of constitutionality with which a legislative enactment is clothed should not be indulged in support of that which remains of our guest act.

■ Certainly the constitutional enjoinder, that "only so much of the act as is not so expressed [in the title] shall be void," has equal, if not greater, force than a savings clause passed as a part of a legislative act, and the Supreme Court of the United States has held that a savings clause, while not an inexorable command, does raise a presumption in favor of severability. Utah Power & Light Co. v. Pfost, 286 U.S. 165, 52 S.Ct. 548, 76 L.Ed. 1038 (1932). See also Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160 (1936). As already stated, the Supreme Court of New Mexico has obviously treated the remainder of the guest act as severable from that portion it held to be void by reason of the defect in the title.

■ Thus, we indulge in favor of the validity of our guest statute that presumption by which a legislative enactment is supported when attacks are made upon its constitutional validity. The Supreme Court of New Mexico has repeatedly held that every presumption is to be indulged in favor of the validity and regularity of legislative enactments. City of Raton v. Sproule, 78 N.M. 138, 429 P.2d 336 (1967); Board of Directors of Memorial General Hospital of

Las Cruces v. County Indigent Hospital Claims Board, 77 N.M. 475, 423 P.2d 994 (1967); Gruschus v. Bureau of Revenue, 74 N.M. 775, 399 P.2d 105 (1965); Gallegos v. Wallace, supra. A statute will not be declared unconstitutional unless the court is satisfied beyond all reasonable doubt that the legislature went outside the constitution in enacting the challenged legislation. City of Raton v. Sproule, supra; State ex rel. Hovey Concrete Products Co. v. Mechem, 63 N.M. 250, 316 P.2d 1069 (1957); State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949).

■ In the light of these presumptions of validity, can we say that the protection from liability accorded by our guest statute to the "owner" of the motor vehicle, while denying the same protection to a non-owner operator, or other non-owners responsible for the operation of the vehicle, constitutes classification on such an arbitrary or unreasonable basis as to violate the due process and equal protection clauses of Article II, Section 18, Constitution of New Mexico, and Amendment Fourteen, Section I, Constitution of the United States? We think not.

Although neither counsel for the parties nor we are able to find a case directly in point, we are of the opinion that general principles of statutory construction, the existence of what we regard as reasonable considerations for the classification, the express language of our guest statute, and the interpretations thereof by the highest courts of New Mexico and Connecticut constrain us to uphold the validity of the act.

■ In passing on the issue of the validity of a classification, we must remember that the reasonableness of the classification is in the first instance a legislative question. The legislature is vested with a wide range of discretion in distinguishing, selecting and classifying. City of Raton v. Sproule, supra; Hutcheson v. Atherton, 44 N.M. 144, 99 P.2d 462 (1940); Davy v. McNeill, 31 N.M. 7, 240 P. 482 (1925). Only if the classification is so devoid of

any semblance of reason as to amount to mere caprice, depending on legislative fiat alone for support, is a court justified in striking down a legislative act as violating constitutional guaranties. The fact that the legislature has adopted the classification is entitled to great weight. City of Raton v. Sproule, supra; Hutcheson v. Atherton, supra. See also Community Public Service Co. v. New Mexico Public Service Comm'n., 76 N.M. 314, 414 P.2d 675 (1966); Gruschus v. Bureau of Revenue, supra; Burch v. Foy, 62 N.M. 219, 308 P.2d 199 (1957); State v. Sunset Ditch Co., 48 N.M. 17, 145 P.2d 219 (1944).

The rules by which the constitutionality of a classification is to be tested have been stated by the Supreme Court of the United States in Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911), to be:

"1. The equal protection clause of the 14th Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.
* * *"

These rules were reaffirmed in Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957).

Although plaintiff in his brief in chief draws the line of classification between a *non-owner operator* and an *owner operator,* actually, as above stated, it is between an *owner* as contrasted with a *non-owner* responsible for the vehicle's operation. The distinction or classification is not between *owners of a vehicle or vehicles* as against *non-owners of a vehicle or vehicles.* The classification is between an *owner of the particular vehicle involved* and a *non-owner of the particular vehicle involved.*

In Lewis v. Knott, supra, it was held that the owner of the automobile involved is protected by the guest statute "whether driving or not, when suit is brought by a guest, whether his own or the operator's." This was particularly spelled out in the specially concurring opinion of Justice Moise, concurred in by Chief Justice Carmody, in which the language just quoted appears. The same result was reached by Justice Compton when he stated that Gallegos v. Wallace, supra, held: "Where the owner is not the operator no cause of action exists against him for the negligence of the operator."

This language, coupled with the unquestionable holding in Gallegos v. Wallace, supra, that the owner-operator of the vehicle is protected by the guest statute, brings Justice Compton's holding in line with the above quoted language from the specially concurring opinion.

By eliminating that portion of our guest statute which was held invalid in Gallegos v. Wallace, supra, and interpreting the remainder thereof in the light of the opinion in Lewis v. Knott, supra, it now in effect reads:

"No person transported by the owner * * * of a motor vehicle as [a guest in the vehicle] without payment for such transportation shall have a cause of action for damages against such owner * * * for injury, death or loss, in case of accident, unless such accident shall

have been intentional on the part of said owner * * * or caused by his heedlessness or his reckless disregard of the rights of others."

Plaintiff contends that the purpose or object of the guest statute is to prevent collusion and fraud against insurance companies, and he cites in support thereof the annotation at 111 A.L.R. 1011 (1937). He argues that the prevention of collusion and fraud, and the consequent protection to insurance carriers, cannot be rationally predicated on the fact of ownership of the vehicle. Although we do not agree that the prevention of collusion and fraud against insurance companies was the only reason, or even the principal reason, for the enactment of the guest statute, it may very well have been one of the reasons. Even so, a classification on the basis of ownership of the vehicle would tend to accomplish this purpose, and it very reasonably could more nearly accomplish this purpose by protecting the owner of a vehicle against liability for ordinary negligence, than by giving the same protection to a non-owner.

The owner of the vehicle is the person ordinarily insured under an automobile policy of public liability insurance. We are aware that under most of these policies the term "insured" includes more than the named insured, who is normally the owner, but there can be no doubt that the non-owner operator of a vehicle, or other non-owner responsible for its operation, is not always covered by every such policy of insurance issued to and covering the owner. This is recognized as one of the bases for the enactment of legislation making the owner of an automobile liable for the negligence of the non-owner operator thereof, when it is being driven with the owner's consent. One of the objects of such legislation is to affix liability upon the person most likely to have insurance protection against injury and damage to others arising out of the operation of the automobile. Such statutes have frequently been upheld against attack upon the ground that they unconstitutionally deny due process to the

owner. These statutes are discussed in 8 Am.Jur.2d, Automobiles and Highway Traffic § 596 (1963), and many of the cases are noted in annotations in 135 A.L.R. 481 (1941); 112 A.L.R. 416 (1938); 88 A.L.R. 174 (1934); 83 A.L.R. 878 (1933); 61 A.L.R. 866 (1929), and 4 A.L.R. 361 (1919). It would seem logical that if ownership is a proper basis upon which to impose liability, it should likewise be a proper basis upon which to exempt from liability.

Then, too, the owner is in the position of knowing whether or not there is insurance on the vehicle, who is covered by such policy of insurance, and the amount of the insurance coverage. He is the one legally able to secure such insurance on the vehicle, while the non-owner may very well be in no position to do so, and certainly lacks the same reasons and motives for securing insurance. The owner is the one most likely to transport guests in the automobile, and the one far more likely to have insurance protection against injury and damage arising from the vehicle's operation.

▮ We do not intend to suggest that these are the only factors which distinguish the owner of a vehicle from the non-owner thereof responsible for its operation in regard to the matter of public liability insurance coverage on the vehicle, but considering all these factors, in the light of the rules or tests of constitutionality which we are obliged to apply, we are unable to say that the purpose of avoiding fraud and collusion against insurance companies is not reasonably subserved by granting immunity to the owners of vehicles from liability to guests for ordinary negligence, nor can we say that a classification on the basis of ownership of a vehicle in order to accomplish this purpose is devoid of reason, is essentially arbitrary, and amounts to mere capriciousness.

However, there is no doubt that another object or purpose for the enactment of guest statutes, if such is not the primary object or purpose thereof, is that of eliminating the injustice in permitting an un-

grateful guest to reward a giver of the hospitality which the guest has enjoyed with a lawsuit based on ordinary negligence. Stephen v. Proctor, 235 Cal.App.2d 228, 45 Cal.Rptr. 124 (1965); Walton v. Tull, 234 Ark. 882, 356 S.W.2d 20, 8 A.L.R.3d 708 (1962); Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379 (1936); Bradley v. Clarke, 118 Conn. 641, 174 A. 72 (1934); Crawford v. Foster, 110 Cal.App. 81, 293 P. 841 (1930). Samuely, What is "Compensation" Under the California Guest Statute?, 26 Cal.Law Review 251 (1938); Weber, Guest Statutes, 11 Cinn.Law Review 24 (1937).

The holdings in the Connecticut cases of Bradley v. Clarke, supra, and Gledhill v. Connecticut Co., supra, that the purpose of the guest statute was to deny recovery for ordinary negligence to a social guest who had accepted another's hospitality, are very persuasive, since, as above stated, our statute was adopted verbatim from the Connecticut statute and our legislature is presumed to have adopted the prior construction and interpretation thereof by the Connecticut court.

The owner, being the supplier of the vehicle, furnishes the instrumentality by which is accomplished the extension of the hospitality enjoyed by the guest. The vehicle is the means by which the guest is able to enjoy the generosity and cordiality extended him, and the availability of this vehicle for this hospitable purpose rests in its ownership. Thus, we believe the classification on the basis of ownership is clearly reasonable, and certainly it cannot be said to be devoid of reason and to be wholly arbitrary and capricious.

It follows from what has been said that the attack on the constitutionality of our guest statute must be rejected and the summary judgment affirmed.

It is so ordered.

SPIESS, C. J., and SCARBOROUGH, D. J., concur.