445 P.2d 383

Bonifacia **CORTEZ**, Administratrix of the Estate of Eddie Raymond Cortez, Deceased, Plaintiff-Appellant,

v.

Francis **MARTINEZ** and Luis Martinez, Defendants-Appellees.

No. 8572.

Supreme Court of New Mexico.

Sept. 23, 1968.

Standley, Kegel & Campos, Frank P. Dickson, Jr., Santa Fe, Chacon & Melendez, Espanola, for appellant.

Civerolo, Cushing & Hansen, Albuquerque, for appellees.

## OPINION

MOISE, Justice.

The action is one for wrongful death of plaintiff-appellant's decedent resulting from the alleged negligent operation of an automobile by defendant-appellee Francis Martinez. It is claimed by plaintiff that defendant-appellee Luis Martinez, father of Francis, was the owner of the car and that, at the time of the accident, it was being operated for family purposes. This is denied by defendants.

By deposition it was established that Francis Martinez was driving the automobile in question at approximately 45 miles per hour on wet pavement when it suddenly swerved, or "fish-tailed," went out of control, hit the embankment, and was wrecked. In addition to the driver, plaintiff's decedent, who died allegedly as a result of injuries sustained, and another boy were in the front seat of the car and three girls were in the back seat. They were out for a joy ride.

Defendants sought summary judgment on the grounds the driver of the automobile, Francis Martinez, was its owner and no allegations of gross negligence were asserted. By its order the court granted summary judgment and found that the automobile was owned by Francis Martinez, and that he was protected by the guest statute (§ 64–24–1, N.M.S.A. 1953).

Plaintiff appeals and advances two grounds for reversal. Her second point, which we will dispose of first, claims that § 64–24–1, supra, being the guest statute, is unconstitutional and void because it is violative of Art. II, § 18, of the New Mexico Constitution and of § 1 of the Fourteenth Amendment to the Constitution of the United States. The argument arises because in our decision in Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1965), the statute was held to protect owner-operators but not to apply to non-owner operators. In Lewis v. Knott, 75 N.M. 422, 405 P.2d 662 (1965), we went a step further and held the owner was protected in a situation where he was not an operator. See also, Lopez v. Barreras, 77 N.M. 52, 419 P.2d 251 (1966). Appellant argues here that application of one standard of care to owners and another to non-owners is arbitrary and unreasonable and, although classification is constitutionally permissible, an unconstitutional classification results if not based on pertinent and real differences, as distinguished from artificial ones. See, Community Public Service Co. v. New Mexico Public Service Commission, 76 N.M. 314, 414 P.2d 675 (1966); Burch v. Foy, 62 N.M. 219, 308 P.2d 199 (1957); State v. Sunset Ditch Co., 48 N.M. 17, 145 P.2d 219 (1944); State v. Pate, 47 N.M. 182, 138 P.2d 1006 (1943).

■ The arguments advanced are identical with those considered in Romero v. Tilton, 78 N.M. 696, 437 P.2d 157 (Ct.App. 1967), cert. denied, January 31, 1968, and there answered completely. No useful purpose would be served by our attempting to repeat or amplify what was there said. The point is ruled against appellant.

Appellant's first point asserts that the court erred in holding as a matter of law that the driver, Francis, was the owner of the car. An affidavit of the Assistant Title and Registration Co-Ordinator of the Department of Motor Vehicles, to which was attached a certificate of title on the car involved in the accident, was before the court when it considered defendants' motion. The certificate shows "Luis C. Martinez," the father, to be the registered owner. Appellees presented testimony by deposition to the effect that although Luis Martinez was the registered owner, Francis was in fact the owner of the car. Section 64–3–10, N.M.S.A. 1953, reads:

"A certificate of title issued by the division shall be received in evidence as prima facie evidence of the ownership of the vehicle named in the certificate and as prima facie evidence of all liens and encumbrances against said vehicle appearing on the certificate."

508

■ It is appellant's position that since by statute the certificate is made prima facie evidence of the ownership of a vehicle, she had carried her burden when she presented it, and that the evidence of contrary facts merely had the effect of presenting a jury question as to who was in fact the owner, and that a jury question being present on this material issue it was error to grant summary judgment. That summary judgment may not be granted where there is an unresolved material issue of fact cannot be doubted. See Barela v. Lopez, 73 N.M. 121, 385 P.2d 975 (1963); Buffington v. Continental Casualty Co., 69 N.M. 365, 367 P.2d 539 (1961).

■ Appellees argue for a rule that would limit the prima facie character of certificates of title to disputes between opposing claims of ownership which they assert is the purpose and intent of ch. 138, N.M.S.L. 1953, of which § 64–3–10, supra, is a part (§ 49). We cannot agree that the section is intended to have this limited application. By its terms it is not so restricted. The legislation provides for certificates of title and states that they shall be prima facie evidence of ownership. When ownership is an issue, whether between opposing claimants of title or in a situation such as is here present, we see no reason for denying the certificate the effect clearly directed by the legislature. It was error for the court to disregard the certificate and grant summary judgment. An issue of fact on the question of ownership is present and if, in fact, Luis Martinez is found to be the owner, liability of Francis would be established upon a showing of his negligence and proximate causation.

It must follow that the cause must be reversed and remanded as to defendant Francis Martinez, unless, as asserted by him, there is insufficient showing of any negligence on his part to present a fact issue. It is appellees' position that nothing being shown except speed and road conditions, with no explanation of how or why the accident happened, there is no evidence to support a finding of negligence.

■ With this argument we cannot agree. The correct rule applicable when summary judgment has been granted in a negligence case was stated by us in Coca v. Arceo, 71 N.M. 186, 193, 376 P.2d 970, 975 (1962), as follows:

"* * * [W]here an appeal is taken from a summary judgment, this court will review the testimony in the most favorable aspect it will bear in support of plaintiff's claim of the right to present the merits of his case to the fact-finder. (Citations omitted.) Litigants are entitled to the right of trial where there is the slightest doubt as to the facts. * *

"Particularly with respect to the use of summary judgment in a negligence action, 6 Moore's Federal Practice 2232, § 56.17(42), states as follows:

"' [It is] the general proposition that issues of negligence, including such related issues as contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner.'

"It would seem that, especially in negligence cases, the weight of authority is to deny summary judgment, for the obvious reason that there are ordinarily material fact issues to be determined. In the few cases cited by Professor Moore in which summary judgment was granted in negligence cases, it has been done only when it appeared that the party seeking the summary judgment could in no sense have been determined responsible, or where the plaintiff actually admitted no negligence, or failed to deny that the accident happened in such a manner as to show lack of negligence."

See also, Sandoval v. Board of Regents of New Mexico State University, 75 N.M. 261, 403 P.2d 699 (1965); DeArman v. Popps, 75 N.M. 39, 400 P.2d 215 (1965), being later cases where the rule has been applied. Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983 (1954), relied on by appellees, does not support their position. Rather, in our view, that

case holds that the speed of a vehicle and presence of ice on the pavement being shown, a jury question as to whether the driver was negligent is presented.

Here, the proof of a 45-mile speed on wet pavement raises an issue as to whether or not the driver was guilty of negligence about which reasonable men might well differ. A question requiring resolution by a jury was accordingly presented and it was error for the trial court to grant summary judgment, thereby finding that no genuine issue of material fact was present.

It follows that the cause should be reversed and remanded to the trial court with instructions that it be reinstated on the docket and plaintiff granted a trial as against Francis Martinez. There being no claim of gross negligence or wilful misconduct as to Luis Martinez, and his liability being predicated solely on the family purpose doctrine, no recovery from him because of ordinary negligence is permissible. Lopez v. Barreras, supra. The judgment of dismissal of Luis Martinez was correct and is affirmed. Costs on appeal are to be borne equally by plaintiff and defendant Francis Martinez.

It is so ordered.

CHAVEZ, C. J., and NOBLE, and CARMODY, JJ., concur.

COMPTON, J., not participating.