512 P.2d 688

**Fidelis L. B. MWIJAGE, Plaintiff-Appellant,**

v.

**Isaac Kipkech KIPKEMEI et al.,
Defendants-Appellees.**

No. 1165.

Court of Appeals of New Mexico.

June 27, 1973.

John A. Anderson by Glen B. Neumeyer, Sosa & Neumeyer, Las Cruces, for plaintiff-appellant.

Thomas A. Sandenaw, Jr., Shipley, Durrett, Conway & Sandenaw, Alamogordo, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

This automobile accident case involves New Mexico's "guest" statute. Section 64–24–1, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2). While driving, defendant's car was involved in a collision with another vehicle. Plaintiff was an occupant of the car driven by defendant. Plaintiff was being transported in a car owned by defendant without payment for the transportation. No claim is made that defendant's conduct was other than ordinary negligence. Plaintiff's suit for personal injuries named the captioned defendants. All were dismissed except Kipkemei. No issue is raised as to these dismissals. Summary judgment in favor of Kipkemei was granted on the basis of § 64–24–1, supra. Plaintiff appeals from the summary judgment, asserting: (1) the statute is unconstitutional and (2) plaintiff was not a guest.

*Constitutionality.*

■ Various contentions are presented as to why the statute is unconstitutional. We consider only the constitutional claims presented to the trial court. In Re Reilly's Estate, 63 N.M. 352, 319 P.2d 1069 (1957); Saiz v. City of Albuquerque, 82 N.M. 746, 487 P.2d 174 (Ct.App.1971). Thus, we do not consider the claim based on § 64–24–2, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2); the doctrine of respondeat superior; the meaning of "injury" and "loss" in § 64–24–1, supra; the meaning of "releasing" and "injuries" in the title of the act; and the contention that since our statute was taken from Connecticut, and Connecticut repealed its statute, that somehow this made New Mexico's statute unconstitutional.

The claims of unconstitutionality presented to the trial court, and which we consider, are: (a) the title to § 64–24–1, supra, violates N.M.Const. Art. IV, § 16, and (b) § 64–24–1, supra, is void for vague-

ness because the word "guest" is not defined. These constitutional claims differ from the constitutional attacks made in other cases. See Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1964); Cortez v. Martinez, 79 N.M. 506, 445 P.2d 383 (1968); Romero v. Tilton, 78 N.M. 696, 437 P.2d 157 (Ct.App.1967).

(a) Title.

■ The title to the law which enacted § 64–24–1, supra, reads:

"An act releasing owners of motor vehicles from responsibility for injuries to passengers therein."

Section 64–24–1, supra, reads:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

Prior decisions have held that § 64–24–1, supra, applies only to owners. Gallegos v. Wallace, supra; Cortez v. Martinez, supra; Lopez v. Barreras, 77 N.M. 52, 419 P.2d 251 (1966); Romero v. Tilton, supra; Dahl v. Turner, 80 N.M. 564, 458 P.2d 816, 39 A.L.R.3d 207 (Ct.App.1969). Thus, the references to "operator" in § 64–24–1, supra, have been eliminated from the statute.

Section 64–24–1, supra, refers to a guest. The title, quoted above, refers to passengers. Plaintiff contends the reference to "guest" is in violation of N.M.Const. Art. IV, § 16. Plaintiff's position is that N.M. Const. Art. IV, § 16 requires the subject of every bill to be expressed in the title; that "guest" is not referred to in the title; that the reference to "passengers" in the title does not give reasonable notice of the references to "guest" in the body of the statute.

■ "* * * [T]he details of a statute must be germane or related to the sub-

ject matter expressed in the title." City of Albuquerque v. Garcia, 84 N.M. 776, 508 P.2d 585 (1973). The title need not be an index of everything in the act, but need only give notice of the subject matter of the legislation. Gallegos v. Wallace, supra.

The portion of the title with which we are concerned is "passengers [in motor vehicles]." Plaintiff gives several examples of "passengers" who are not guests; he does not show how a guest in an automobile is not a passenger. Obviously, a passenger in an automobile can include a person in the automobile as a guest. See Davis v. Hartley, 69 N.M. 91, 364 P.2d 349 (1961); Hobbs v. Irwin, 60 N.M. 479, 292 P.2d 779 (1956). The word "guest" is germane to the subject "passengers." Section 64–24–1, supra, does not violate N.M.Const. Art. IV, § 16.

(b) Asserted vagueness.

■ Section 64–24–1, supra, does not define the words it uses. Because "guest" is not defined, plaintiff asserts the statute is " * * * unconstitutional as being vague and ambiguous and constituting an unconstitutional delegation of a legislative function to the Courts." The claim of vagueness is based on the fact that New Mexico Uniform Jury Instructions, Civil, do not define "guest" and the committee that drafted the instructions was unable to agree on a definition. See N.M. U.J.I. 9.8, committee comment. The claim of an unconstitutional delegation of legislative function is that "guest" is the "heart" of § 64–24–1, supra, and, therefore, it was the responsibility of the Legislature to define that term.

■■ The answer to plaintiff's claims is that statutory words are presumed to be used in their ordinary and usual sense. Bettini v. City of Las Cruces, 82 N.M. 633, 485 P.2d 967 (1971). The words used are to be given their ordinary meaning unless a different intent is clearly indicated. Winston v. New Mexico State Police Board, 80 N.M. 310, 454 P.2d 967 (1969). No intent is indicated in § 64–24–1, supra,

that other than ordinary meaning is to be given to the word "guest."

■ Here, not only do we give "guest" its ordinary meaning, but we give an ordinary meaning to the word as it is used in the statute. Section 64–24–1, supra, refers to a person transported as " * * * guest without payment for such transportation. * * *" Thus, "payment" is not part of the meaning of "guest." See Archie v. Smith, 78 N.M. 548, 434 P.2d 73 (Ct.App. 1967). With payment eliminated, "guest" is simply one to whom hospitality is extended; the "guest" in § 64–24–1, supra, is the person who accepts the transportation without payment. Webster's Third New International Dictionary (1966).

"Guest" in § 64–24–1, supra, is not unconstitutionally vague. The Legislature did not unconstitutionally delegate its legislative function in using that word.

*Whether plaintiff was a guest.*

■ Plaintiff and Kipkemei were foreign students at New Mexico State University. The Foreign Student Office of the University arranges for newly arriving students to be met. Kipkemei was sent to meet plaintiff when he arrived in El Paso on the day of the accident. Kipkemei met plaintiff and took him to the Foreign Student Office. There is a conflict in the deposition testimony as to whether Kipkemei, after the check-in at the Foreign Student Office, was to "settle" plaintiff for the weekend. Whether it was Foreign Student Office instructions or plaintifff's individual desire, plaintiff went to Kipkemei's trailer where he had supper. It was on a sight-seeing trip after supper that the accident occurred.

Section 64–24–1, supra, refers to "his" guest; that is, the guest of the owner of the car. Plaintiff contends he was not the guest of Kipkemei but, under the above facts, the guest of the University. Plaintiff presents this as an either-or proposition; that is, that he could not be the guest of the University and also be the guest of Kipkemei.

The applicability of § 64–24–1, supra, depends on whether plaintiff was the guest of Kipkemei. The uncontroverted showing in the depositions of Kipkemei and Twala, another occupant of the car on the sightseeing drive, was that plaintiff was being transported in Kipkemei's car as Kipkemei's guest. Whether plaintiff may also have been the University's guest is immaterial to plaintiff's suit against Kipkemei. Once plaintiff was shown to have been Kipkemei's guest, § 64–24–1, supra, was applicable to plaintiff's suit against Kipkemei.

The summary judgment is affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.