621 P.2d 522

**Robert MIERA, Plaintiff-Appellant,**

v.

**Sgt. C. P. WALTEMEYER, individually, and the City of Albuquerque, a municipal corporation, Defendant-Appellee.**

**No. 4663.**

Court of Appeals of New Mexico.

Dec. 16, 1980.

Michael D. Bustamante, Ortega & Snead, Albuquerque, for plaintiff-appellant.

Joe L. McClaugherty, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendant-appellee.

OPINION

ANDREWS, Judge.

In this interlocutory appeal from the dismissal of the City of Albuquerque as a defendant, we are presented with an issue under §§ 5–14–4 and 5–14–12, N.M.S.A. 1953 (1976 Int.Supp.), the 1976 Tort Claims Act being the applicable statute. For current provisions, *see* §§ 41–4–4 and 41–4–12, N.M.S.A.1978.

Plaintiff-Appellant, Robert Miera, was allegedly the victim of an assault and battery committed by Sgt. C. P. Waltemeyer. Sgt. Waltemeyer was, at the time of the alleged attack, acting in the scope of his duties as an Albuquerque police officer. Miera filed this action against Waltemeyer alleging both intentional torts and violation of 42 U.S.C. § 1983, and naming the City as a defendant under a respondeat superior theory. The trial court granted a motion to dismiss as to the City of Albuquerque apparently on the basis of the second sentence in § 5–14–4(B).

> § 5–14–4. Granting immunity from tort liability—Authorizing exceptions. A. A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as provided in the Tort Claims Act (5–14–1 to 5–14–19).

B. Except as provided in Section 12 (5–14–12), public employees are personally liable for torts committed while acting within the scope of their duties, if committed maliciously, fraudulently or without justifiable cause. Actions for such torts are not governed by the Tort Claims Act, and a governmental entity is immune from liability for such torts committed by public employees.

Miera argues that this dismissal was an error. He bases his contention on the first clause of § 5–14–4(B); and on § 5–14–12, which states that the "immunity granted pursuant to Subsection A of Section 4 of the Tort Claims Act does not apply to liability for bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." According to Miera, because § 5–14–4(B) defers to § 5–14–12 in actions such as assault and constitutional violations by a law enforcement officer, § 5–14–4(B) is inapplicable in this case. Since § 5–14–12 creates liability which is not specifically limited to the individual officer, we are urged to conclude that the City of Albuquerque is a proper defendant. In our opinion this contention is correct.

We take the wording of § 5–14–4(B) at its ordinary meaning. *Mwijage v. Kipkemei*, 85 N.M. 360, 512 P.2d 688 (Ct.App.1973). When the Legislature enacted the phrase, "[e]xcept as provided in Section 12;" it clearly intended to create two independent exceptions to § 5–14–4(A). The first is an exception which creates liability in the individual public employee who commits malicious, fraudulent, or unjustifiable torts within the scope of his or her duties. The second exception applies to a larger range of acts, and is limited to law enforcement officers. It does not speak in terms of the sole liability of the individual, but rather, allows liability to exist for the covered acts. We note the comparison between the language in Section 4 which speaks in terms of "public employees" being "personally liable" and the language in Section 12 which states, "[t]he immunity granted ... does not apply to liability [for the covered acts] ... when caused by law enforcement officers while acting within the scope of their duties."

While Section 4(B) holds "public employees" personally liable for specified torts, that liability is not extended to their governmental entity employer. Similarly, Section 12, removes a class of acts from immunity when those acts are committed by law enforcement officers, but specifically removes the immunity which is granted to both the employee and governmental entity in § 5–14–4(A). Where the statute creates liability for specified acts, and in the absence of limiting language such as that in Section 4(B), all normal ramifications of liability exist—including respondeat superior. Thus, liability does not rest solely on the law enforcement officers. The order dismissing the City of Albuquerque as a defendant is vacated, the trial court is instructed to reinstate the City as a party defendant.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.