359 P.2d 138

Fedelina BARELA, Plaintiff-Appellant,

v.

Willie C. DE BACA, Defendant-Appellee.

No. 6705.

Supreme Court of New Mexico.

Feb. 1, 1961.

Edwin L. Felter, Santa Fe, for appellant.

Gilbert, White & Gilbert, Sumner S. Koch, Santa Fe, for appellee.

COMPTON, Chief Justice.

Appellant, plaintiff below, appeals from an order directing a verdict for appellee De Baca, defendant below.

Summarizing the facts, at about eight o'clock on Saturday night, November 22, 1958, defendants Willie C. De Baca and Carpio Lopez were visiting at the home of the plaintiff, Fedelina Barela, and they suggested that appellant might come and look over De Baca's house for possible rental purposes.

Appellant and her daughter went with them to De Baca's house in another part of Santa Fe for this purpose, but immediately upon arrival, she decided it was too small for her purposes. Instead of leaving

or asking the defendants to drive them back to their own home, appellant and her daughter remained at De Baca's house and prepared dinner for the foursome. Following dinner, at which at least one can of beer was consumed by each diner, appellant and her daughter washed and put away the dishes and then announced they were ready to return home. De Baca, stating that he was too tired to go himself, handed his car keys to Lopez and asked him to drive the ladies home.

After leaving De Baca's home, in reply to an inquiry from Lopez, the ladies replied that they didn't mind if Lopez detoured to pick up a friend as long as he hurried since they wanted to get home to the children. Lopez then drove to a nightclub and went in to look for his friend, leaving the ladies in the car. After a long while, Lopez returned to the car and, at his invitation, the ladies joined him at a table inside the nightclub while he continued the search. His friend later appeared and appellant danced with Lopez and the daughter danced with both Lopez and his friend. It was only after considerable time had passed that the ladies again asked Lopez to take them home where the six minor children of appellant's daughter were alone. Appellant testified she did not frequent nightclubs and did not realize that Lopez may have been intoxicated by the time they finally left the club around two o'clock the following morning.

The four got into the car, Lopez in the driver's seat with appellant at his side, and the daughter in the back seat with Lopez' friend. After riding about a mile from the club toward her home, appellant remarked to Lopez that he had been driving a little fast. Lopez replied that he was not driving fast and seconds later, he swerved the car across the wide road and crashed into a wall, injuring appellant.

Appellant suffered various injuries from the crash, and she brought this action in the district court of Santa Fe County against De Baca as owner of the vehicle and against Lopez, both individually and as De Baca's agent or servant. At the close of the plaintiff's evidence, as previously noted, the trial court granted De Baca's motion for a directed verdict in his favor, and it is from this order that the plaintiff now appeals; however, no appeal is taken from a default judgment entered against the defendant Lopez individually.

As her first point, the appellant urges the proposition that when a verdict is directed by the trial court, this court must view the evidence in the light most favorable to the plaintiff, and that all inferences reasonably to be drawn therefrom are to be indulged in favor of the plaintiff. Frankly, we agree with this proposition as it is a clear statement of a long established rule. Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531; Addison v. Tessier,

62 N.M. 120, 305 P.2d 1067; Davis & Carruth v. Valley Mercantile & Banking Co., 33 N.M. 295, 265 P. 35. But other considerations are decisive on appeal.

The appellant's second point is that the evidence establishes that her injuries are the result of Lopez' negligence and that Lopez was, at the time of the accident, acting as agent, representative and servant of the defendant De Baca and in furtherance of De Baca's business, aims purposes and convenience.

For the purposes of this decision, we not only view the evidence in the light most favorable to the plaintiff, but also accept her contentions that the evidence conclusively shows: (a) that the plaintiff's visit to De Baca's house resulted solely from De Baca's efforts to rent his house and not because appellant herself initiated the visit to secure larger quarters for herself and her family; (b) that Lopez was the agent or employee of the appellee, De Baca, at the time of departure from De Baca's house and was not the appellant's own agent or servant; (c) that Lopez was speeding 10 m. p. h. above the legal limit for a residential area instead of being within the speed limit established for a business district; and (d) that Lopez was intoxicated and exhibited utter irresponsibility and conscious abandonment of any consideration for the safety of his passengers.

Nevertheless, it appears as a matter of law that Lopez made a complete departure from the scope of his agency or employment, and, with full consent and participation of the appellant. It is clear that he abandoned his employment and engaged in business, purposes and conveniences of his own by his engaging in social dancing for at least an hour and a half at a nightclub located several miles in an opposite direction from his original destination. Compare Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719.

The rule covering the situation we find here is found in Restatement, Second, Agency § 237:

"To be within the scope of employment, an act must be of the sort authorized, *done within space and time limits* fixed by the employment and accompanied by an intention to perform service for the master. * * * If, * * * the servant departs too far from the space and time limits, he no longer acts within the scope of employment. The same rule applies to re-entering the employment. He cannot re-enter it, however much he desires it, until he is within the flexible limits of employment." (Emphasis ours.)

See also Annotation in 51 A.L.R.2d, beginning at page 8.

Appellant admits Lopez' "deviation" but she contends he had resumed his employment at the time of the accident by abandonment of his own business, purposes. and convenience, and by being in a location some 666 feet closer to her house than she was when she was at De Baca's house. Her contention is not sustained by the evidence. At the time of the accident, Lopez had not returned to the most direct route from De Baca's house but was on an alternative longer route. While no specific space or time limits were placed on Lopez, certainly the accident occurred well beyond any reasonable time in which he could have taken the appellant from De Baca's house to her home, even by an alternative longer route. Martin v. Lipschitz, 299 Pa. 211, 149 A. 168.

Further, at the time of the accident, Lopez still had an unauthorized passenger in the car—his friend in the back seat with appellant's daughter. Once abandoned, the employment could not have been resumed with such divided loyalty still in evidence and the forces set in motion by the abandonment of duty were thus still alive and operative. Fiocco v. Carver, 234 N.Y. 219, 137 N.E. 309.

In cases of this nature, the fact patterns differ so that no exact rule can be made to cover all of them. This case, however, presents a combination of facts and circumstances which clearly shows as a matter of law that the accident occurred beyond the scope of employment, if, indeed, any employment ever existed. The trial court was correct in directing a verdict for the defendant Willie C. De Baca and a discussion of other interesting issues raised on appeal is unnecessary.

The judgment below is affirmed, and it is so ordered.

CHAVEZ and MOISE, JJ., concur.

CARMODY and NOBLE, JJ., not participating.