385 P.2d 975

**Fedelina BARELA, Plaintiff-Appellant,**

**v.**

**Carpio LOPEZ and Willie C. De Baca, Defendants,**

**Atlantic Insurance Company, Garnishee-Appellee.**

**No. 7257.**

Supreme Court of New Mexico.

Oct. 14, 1963.

Patricio S. Sanchez, Annette R. Shermack, Santa Fe, for appellant.

Gilbert, White & Gilbert, Sumner S. Koch, Santa Fe, for appellee.

CHAVEZ, Justice.

Appellant seeks to have a summary judgment entered in favor of appellee set aside, contending that there are genuine issues of fact to be resolved.

This was an action in garnishment brought by appellant against Atlantic In-

surance Company, garnishee-appellee, as insurer of the automobile belonging to defendant, Willie C. De Baca, and operated by defendant, Carpio Lopez, at the time of the accident. For a complete statement of the facts, see Barela v. De Baca, 68 N.M. 104, 359 P.2d 138, which affirmed a directed verdict for Willie C. De Baca and against appellant. Subsequently, this action was brought by appellant against appellee, alleging that, as Lopez was operating the automobile owned by De Baca, with De Baca's permission, and that as Atlantic Insurance Company was the insurer of said automobile under an insurance policy containing an omnibus clause, that the automobile was covered by the insurance policy at the time of the accident.

Appellant's answer to the response of garnishee-appellee stated that Atlantic Insurance Company was liable for the amount of a default judgment recovered by appellant against Lopez to the extent of $5,000 for bodily injuries to appellant and $500 additional for medical payments. On motion of appellee, Atlantic Insurance Company, summary judgment was rendered in its favor.

It is appellant's contention that the omnibus clause of the insurance policy issued by Atlantic Insurance Company insured the operation by Lopez of De Baca's automobile.

The clause of the policy afforded insurance to:

"(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;"

The "Medical Payments" coverage of the policy is, in part, as follows:

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services:

\* \* \* \* \* \*

"Division 2. To or for any \* \* \* person who sustains bodily injury, caused by accident, while occupying (a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured;"

Appellant sought to garnishee the Atlantic Insurance Company under both of these clauses, alleging damages under each clause. In order for appellant to prevail in the garnishment action, she would have to establish that Lopez was using De Baca's automobile, with De Baca's permission at the time of the accident. By the same token, for Atlantic Insurance Company to prevail, the contrary would have to be proven. In its motion for summary judgment, Atlantic Insurance Company alleged that this issue had been resolved by the de-

cision of this court in Barela v. De Baca, supra. Such is not the case. Barela v. De Baca, supra, decided that Lopez, at the time of the accident, was acting beyond the scope of his employment, if any employment ever existed. That action sought to have De Baca held liable for the actions of Lopez because Lopez was allegedly the agent, representative and servant of De Baca, and De Baca was responsible under the doctrine of respondeat superior. This action seeks to hold Atlantic Insurance Company liable under the permissive user clause of the insurance policy issued to De Baca. Appellant contends that the accident resulting in her injuries occurred while Lopez was driving the automobile with the permission of De Baca, the owner, and that Atlantic Insurance Company, the garnishee, is liable for the payment of appellant's default judgment against Lopez. The question of whether Lopez was acting within the scope of the permission granted by De Baca was not resolved in Barela v. De Baca, supra; nor has it been resolved in this action. Appellant alleged that Lopez was so acting; Atlantic Insurance Company denied it. There is, therefore, an unresolved issue of material fact and summary judgment should not have been granted. Rule 56(c), (§ 21–1–1(56) (c), N.M. S.A., 1953 Comp.); Gonzales v. Gackle Drilling Company, 70 N.M. 131, 371 P.2d 605; Hewitt-Robins, Inc., Robins Conveyors Division v. Lea County Sand and Gravel, Inc., 70 N.M. 144, 371 P.2d 795; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Ballard v. Markey, 66 N.M. 265, 346 P.2d 1045.

The question before us is almost identical to the situation in Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa, (8 C.C.A. 1952), 193 F.2d 255. There suit was filed in the South Dakota court against the truck driver and the owner of the truck by a minor girl, Joyce Stoll, who had been riding on the running board and was injured when the truck overturned. She obtained judgment against Wagaman, the driver, which was later affirmed on appeal. The state court directed a verdict in favor of Manhalter, the owner, and plaintiff did not appeal from the judgment. After the judgment against the driver became final, Joyce Stoll garnished the Hawkeye Casualty Company, the owner's liability insurer, in the state court, asserting that under the "omnibus clause" of its policy covering the truck the insurance company was indebted to the driver as an insured in the amount of her judgment against him.

The insurance company removed the garnishment proceedings to the federal court, denying that it was indebted to Wagaman. The case was tried to a jury and at the close of the evidence both parties moved for a directed verdict. Plaintiff's motion was denied. The insurance company's motion was on the ground that the evidence established as a matter of law

that the "actual use" of the truck by Wagaman was without permission from the owner and that the state court judgment in the owner's favor was res judicata of that issue. The federal court directed a verdict for the insurance company and an appeal followed.

In the trial in the federal court, the insurance company, over the objection of Joyce Stoll, introduced in evidence so much of the record of the action in the state court in the case of Joyce Stoll against Wagaman and Manhalter as tended to indicate that the issue of whether Wagaman was using the truck with Manhalter's permission had been involved in the action. This upon the theory that the judgment in Manhalter's favor in that case barred the plaintiff from claiming that the insurance company was liable to Wagaman under its policy.

The appellate court stated that since the state court refused to strike the evidence relating to the issue of res judicata, it was reasonable to assume that the basis for the directed verdict was the belief that the plaintiff was estopped by the state court judgment from contending that Wagaman was driving the truck with Manhalter's permission. The court held that the state court judgment was not res judicata of the policy liability of the company to Wagaman, saying:

" * * * The question raised in the plaintiff's action in the State court against Manhalter was not whether the use of his truck by Wagaman was with permission of Manhalter within the meaning of the omnibus clause of the policy here in suit, but whether, under the evidence in that case, Wagaman's negligence could be imputed to Manhalter upon the theory that, in driving the truck, Wagaman was acting for or on behalf of Manhalter. * * *"

The court then held that whether the driver's use of the truck at the time of the accident was within the special permission granted to him by the owner was for the jury.

Appellee cites Hinchey v. Sellers, 7 N.Y.2d 287, 197 N.Y.S.2d 129, 165 N.E.2d 156, which we feel is clearly distinguishable from the case before us. In that case, two separate actions for damages were brought in New York against Orville E. Sellers, a resident of Pennsylvania, and his son, Donald E. Sellers, the owners of an automobile driven by one Michael A. O'Rourke, a resident of New Hampshire, wherein two persons were killed when the car went off the road. A public liability insurance policy covering the car had been issued in Pennsylvania, containing the usual omnibus clause insuring, in addition to the named insured, any person using the automobile with the owner's permission.

Prior to the commencement of the New York case, plaintiffs filed a declaratory ac-

tion in New Hampshire against O'Rourke and National Surety Company. The supreme court of New Hampshire held that the question of coverage was governed by Pennsylvania law and not New York law, and that the use of the automobile at the time of the accident was not with the insured's permission under the laws of Pennsylvania.

Plaintiffs then commenced their case in New York against the co-owners of the automobile. The complaint alleged that the automobile was being operated at the time of the accident "with the permission, express or implied," of the defendants. The answer pleaded, as an affirmative defense, that the final judgment in the New Hampshire declaratory judgment action was a conclusive determination of the issue of permissive use. Defendants moved for a summary judgment on the ground "that the judgments in New Hampshire are conclusive and bar recovery by plaintiffs in New York." The appellate division reversed on two grounds:

" * * * (1) The issue of permission under the insurance policy— which was determined 'as a matter of contract law in accordance with the intention of the parties to the contract under the law governing the contract' —was different from the issue of permission under section 59 of the New York Vehicle and Traffic Law, Consol. Laws, c. 71, which latter issue 'must be determined in accordance with the intent of the Legislature, taking into account the policy objectives which the Legislature sought to carry out'. (2) Under the law of New Hampshire, which was found to be the same as the law of New York, the doctrine of collateral estoppel 'is not applicable to evidentiary findings made in a prior action involving a different ultimate issue'."

The supreme court of New York held that it was found as a fact in the New Hampshire action that "the limitation upon the permission given in this case was that the car should not be used at all if O'Rourke was a passenger," and that a fact once decided in an earlier suit is conclusively established between the parties in any later suit, provided that it was necessary to the result in the first suit. The court then added:

"The resolution of the ultimate legal issue in the *instant* actions also necessarily follows from the quoted factual finding of the New Hampshire courts since, if the limitation upon the permission given was that the car should not be used at all if O'Rourke was a passenger, there can be no recovery by plaintiffs under section 59 of the Vehicle and Traffic Law. * * *"

In view of our disposition of this case, it becomes unnecessary to consider other points raised by appellant.

The judgment is reversed and remanded with direction to the trial court to reinstate the case on its docket and proceed in a manner not inconsistent with the views herein expressed.

It is so ordered.

CARMODY and NOBLE, JJ., concur.