632 P.2d 1210

**MID–CENTURY INSURANCE COMPANY,**
**Plaintiff-Appellee,**

v.

**Andrew VAROS; State Farm Insurance Company, Defendants,**

**and**

**Robert Dunn, as Personal Representative of the Estate of Elizabeth M. Dunn; and Robert Dunn, as Personal Representative of the Estate of Sylvia M. Likes, Defendant-Appellant.**

**No. 5009.**

Court of Appeals of New Mexico.

Aug. 18, 1981.

Richard E. Ransom, P. A., Terry M. Word, Smith, Ransom & Gilstrap, Albuquerque, for defendant-appellant.

Norman F. Weiss, Civerolo, Hansen & Wolf, P. A., Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

On February 9, 1978, Mid-Century Insurance Company issued a policy of automobile insurance to Scott B. Poland. In addition to Poland as the named insured, the policy covered "any other person while using such automobile ... provided the actual use of such automobile is by the named insured *or with his permission.*" [Emphasis added.]

On May 13, 1978, Andrew Varos took possession of Poland's automobile and while driving it, an accident occurred in which

574

two women were killed. Robert Dunn, as personal representative of both decedents' estates, filed suit for damages against Varos and Poland. Poland sought summary judgment. The trial court found:

\* \* \* \* \* \*

3. The automobile was taken by Defendant Varos without the permission of Defendant Poland and, therefore, Defendant Poland cannot be held liable for the deaths of Plaintiff's decedents under the family purpose doctrine or on the ground that he negligently entrusted the automobile to Defendant Varos.

Poland was granted summary judgment. On appeal to this Court, the summary judgment was affirmed by Memorandum Opinion and on August 13, 1980, the Supreme Court denied certiorari.

In an interim period, on July 20, 1978, Mid-Century brought a Declaratory Judgment action against Varos and Dunn to determine whether it had a duty to defend Varos in the Dunn-Varos litigation. Mid-Century had no duty to defend Varos if Varos lacked permissive use. After certiorari was denied in the Dunn-Varos litigation, Mid-Century filed a motion for summary judgment by way of collateral estoppel and *res judicata*. The basis of the motion was that the issue of permissive use to be determined in this Declaratory Judgment proceeding had been previously determined in the Dunn-Varos litigation, i. e., that Varos was not an insured under Mid-Century's insurance policy because he drove Poland's car without Poland's permission.

The trial court found that summary judgment granted Poland in the Dunn-Varos litigation collaterally estopped Dunn and Varos from asserting in the instant case that there was express or implied permission for Varos to use the car so as to bring the case within the omnibus clause of the insurance policy issued by Mid-Century. The omnibus clause also required permissive use. Therefore, there was no coverage of Varos under the Mid-Century policy.

The trial court granted Mid-Century summary judgment and Dunn appealed. We affirm.

If we understand Dunn's position correctly, he claims there were two different causes of action with different parties and different issues; that the Dunn-Varos litigation was an action for damages in which Varos' lack of permissive use relieved Poland of liability under the entrustment theory, whereas this declaratory judgment proceeding denied Varos coverage under the omnibus clause of the insurance policy. Therefore, Dunn claims that he is entitled to a double barrelled shot at permissive use. Dunn is mistaken. He had his day in court. He lost to Poland in the first case on the issue of permissive use and was left with Varos as the sole defendant. Now, Dunn seeks again the right to establish permissive use by Varos in order to afford Varos insurance coverage in the first case. This he cannot do.

■ Dunn has avoided discussion of the established rule in cases of permissive use. Where plaintiff sues an insured for damages, and then the insurer sues plaintiff to avoid coverage, or vice versa, and it is ultimately determined in either case that the driver of insured's car which caused the damage did not have permissive use of the vehicle, this determination in one action is a bar to relitigation in the other under the doctrine of collateral estoppel. The reason is that the insured's conduct, express or implied, to operate the vehicle is the ultimate and determinative issue in both cases. *Harding v. Carr*, 79 R.I. 32, 83 A.2d 79 (1951), explained in *Zuckerman v. Tatarian*, 110 R.I. 190, 291 A.2d 421 (1972) and *Skrzat v. Ford Motor Company*, 389 F.Supp. 753 (D.R.I.1975); *Hinchey v. Sellers*, 7 N.Y.2d 287, 197 N.Y.S.2d 129, 165 N.E.2d 156 (1959); *Stucker v. County of Muscatine*, 249 Iowa 485, 87 N.W.2d 452 (1958).

■ New Mexico has continually followed the rule that "estoppel can be applied to bar relitigation of any ultimate facts or issues common to both suits, and actually and necessarily decided in the first." *Torres v. Village of Capitan*, 92 N.M. 64, 68, 582 P.2d 1277 (1978); *Paulos v. Janetakos*, 46 N.M. 390, 129 P.2d 636 (1942).

*Hinchey, supra*, was cited and discussed in *Barela v. Lopez*, 73 N.M. 121, 385 P.2d 975 (1963), a case relied upon by Dunn. *Hinchey* said:

> The doctrine of collateral estoppel "is essentially a rule of justice and fairness", and the essence of the rule is "that a question once tried out should not be relitigated between the same parties or their privies [citation omitted]." [197 N.Y.S.2d 134, 165 N.E.2d 159.]

An insured and insurer are in privity with each other. *Stucker v. County of Muscatine, supra.*

■ Under the doctrine of collateral estoppel, the courts look realistically at the relationship of these parties in successive litigation. They are one and the same. In the first case, opposing parties were, in effect, Dunn, Varos and Mid-Century. In the second case, opposing parties were Mid-Century, Varos and Dunn. In both cases the parties were the same. The issue in both cases was whether Varos had permissive use of Poland's vehicle. Permissive use is a factual issue. The depositions taken in the first case were adopted for use in the instant case. The facts are identical. In the first case, the trial court determined that Varos lacked permissive use as a matter of law. This determination became final and conclusive. As no liability can be imposed on Poland, none can be imposed on Mid-Century. If it were not so, the factual issue of permissive use or lack of it could change from judge to judge in each successive suit filed as it did in the instant case before certiorari was denied in the Dunn-Varos litigation. Relitigation of the same issue is not within the spirit of the rule of collateral estoppel. The policy of the law is to end litigation in a proper case.

Dunn relies upon *Barela, supra.* This was an action in garnishment brought by Barela against Atlantic Insurance Company as insurer of the automobile belonging to De Baca, and operated by Lopez at the time of the accident. Barela alleged that Lopez was operating the De Baca automobile with De Baca's permission and was covered by the omnibus clause of Atlantic's insurance policy. Atlantic claimed that this issue had been resolved in the prior case of *Barela v. De Baca*, 68 N.M. 104, 359 P.2d 138 (1961). Atlantic was mistaken.

The prior *De Baca* case decided that Lopez was acting beyond the scope of his employment, if any employment existed. There was no determination of permissive use. However, a default judgment was entered against Lopez individually. Permissive use not having been determined, Barela was not estopped to litigate that issue in its action against Atlantic.

*Barela* distinguished *Hinchey, supra,* which supports Mid-Century, but Dunn was silent on its application.

Dunn also misinterprets *Phillips v. United Serv. Auto. Ass'n,* 91 N.M. 325, 573 P.2d 680 (Ct.App.1977). Here Phillips sued Smith, a seven year old, for negligence and also sued *United,* Smith's insurer, for breach of contract for failure to pay an alleged settlement made with Phillips on Phillips' loss. Trial was severed. Phillips recovered $3,000.00 against Smith which was affirmed on appeal. *Phillips v. Smith,* 87 N.M. 19, 528 P.2d 663 (Ct.App.1974). Phillips then pursued *United* for breach of contract. The trial court granted *United* summary judgment. No reasons were stated therefor. On appeal, *United* raised the defense of collateral estoppel. In reversing the summary judgment, omitting citations, the court said:

> Collateral estoppel means that when an issue of ultimate fact has been decided by a valid judgment, that issue cannot be litigated again between the same parties. This case does ... [(not) deleted] involve a second action between the same parties based on different grounds. The first action, based on negligence, was between the plaintiffs and a small boy. This case, based upon breach of contract, is between plaintiffs and an insurance company. Plaintiffs have in no way had a full and fair opportunity for judicial resolution of the issues presented in this case. Defendant's claim that this issue has been actually litigated and determined in the original action flies in the face of what the lower court intended by severing the two

causes of action. Collateral estoppel does not apply. [Deletion supplied.] [91 N.M. at 328, 329, 573 P.2d 680.]

Dunn says that "the fact that the first was in negligence and the second in contract seems to have been a factor in denying the claim of collateral estoppel." Not at all. Collateral estoppel failed because the issue of breach of contract by *United* had not been determined in Phillips' claim against Smith for damages. This result would follow even though *United* was considered to be a party defendant in *Phillips v. Smith, supra.*

Summary judgment is affirmed. Dunn shall bear the costs in this appeal.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WOOD, J., concur.