Mary E. CLEMENTS,
Plaintiff–Appellant,

v.

Donna PITTMAN, d/b/a Pic 'N Save
Food Market, Defendant–Respondent,

and

Missouri Insurance Guaranty Associa-
tion, Intervenor–Respondent.

No. 70548.

Supreme Court of Missouri,
En Banc.

Feb. 14, 1989.
Rehearing Denied March 14, 1989.

Steven L. Hobson, and William D. Ad-
kins, Liberty, for plaintiff-appellant.

Thomas Clinkenbeard, Kansas City, for
defendant-respondent.

JAMES K. PREWITT, Special Judge.

Plaintiff appealed to the Missouri Court
of Appeals—Western District, from an or-
der setting aside a default judgment
against defendant Donna Pittman. Follow-
ing opinion, this Court transferred the mat-
ter. It is decided here as on original ap-
peal. *Mo Const. art. V, § 10.*

Plaintiff filed a petition on November 20, 1985, alleging that due to defendant's negligence she suffered injuries in a fall at a food market in Liberty owned by defendant and her husband. Defendant was served with the petition and summons on November 27, 1985. No answer was filed and on February 13, 1986, a default judgment was entered awarding plaintiff $100,000. On April 23, 1986, defendant filed a motion to set aside the judgment. After that motion was denied, she appealed to the court of appeals. While the appeal was pending, the Missouri Insurance Guaranty Association (Association) was granted leave to intervene and the cause was remanded to the trial court. On November 21, 1986, the Association filed a motion under *§ 375.785.-10, RSMo 1986*, to set aside the default judgment. After hearing, the motion was granted and plaintiff appealed.

The Missouri Insurance Guaranty Association was created by *§ 375.785, RSMo 1986*. The purpose of the Association is to protect insureds from the effect of insolvent insurers. *Qualls v. Missouri Insurance Guaranty Association*, 714 S.W.2d 732, 734 (Mo.App.1986). *Section 375.785.-10, RSMo 1986*, states:

All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for sixty days from the date the insolvency is determined. As to any covered claims arising from a judgment under any decision, verdict or finding based on the default of the insolvent insurer or its failure to defend an insured, the association, either on its own behalf or on behalf of such insured, may apply to have such judgment, order, decision, verdict or finding set aside by the same court or administrator that made such judgment, order, decision, verdict or finding and shall be permitted to defend against such claims on the merits.

Defendant Donna Pittman testified at the hearing on the Association's motion that she had made arrangements for general liability insurance coverage for the food market's premises with Iowa National Life Insurance Company. She said that this coverage was in effect at the time of the fall with a limit of $1 million. Following the receipt of the summons she called her insurance agent and he told her to forward the papers she received to him, which she did. She next heard of the lawsuit when she received a notice from plaintiff's attorney that a $100,000 judgment had been entered against her. She said she thought she was being represented by the insurance company at this time. There was evidence that Iowa National was insolvent and on October 10, 1985, had been placed in receivership in Iowa. On that date Iowa National's Kansas City office was closed.

Plaintiff presents three points on appeal which we discuss in the order briefed. For her first point plaintiff contends that the trial court lacked jurisdiction to set aside the judgment because the court lacked jurisdiction 30 days after the entry of the judgment, and the Association failed to allege any grounds in its motion which might invoke the legal or equitable jurisdiction of the court to set aside the judgment.

In this situation *§ 375.785.10* gives the Association a right to move to set aside a default judgment. That being so, it was not necessary for the Association to allege any ground other than that contained in that statute. It sufficiently did that. Under that statute it is not limited to the thirty days generally applicable to the trial court's control of judgments. *See Rule 75.01. See also Rule 81.05* (when judgments final for appeal).[1] Point one is denied.

In her second point plaintiff contends that there was no substantial evidence to support the court's finding that Iowa National was obligated to defend defendant and that the judgment was based upon its failure to do so. In reviewing to determine if the evidence was sufficient, the evidence and reasonable inferences from it are viewed most favorable to the prevailing

**1.** Whether *Rule 74.05(c)*, effective January 1, 1988, might limit the Association to one year to move to set aside the judgment is not before us.

party. *Morgan v. Morgan,* 701 S.W.2d 177, 179 (Mo.App.1985); *Beneficial Finance Co. v. Kitson,* 530 S.W.2d 497, 503 (Mo.App.1975).

The type of insurance purchased, forwarding the suit papers to the company's agent and the association agreeing that the claim was covered all indicate that Iowa National was obligated to defend defendant. It is a fair inference from the evidence that Iowa National's policy would cover a fall on the food market's premises such as plaintiff contended occurred and that Iowa National was obligated to defend defendant from such a claim. The evidence was sufficient for the trial court to find that the claim made by plaintiff was a "covered" claim as provided in *§ 375.785.-10, RSMo 1986.* Point two is denied.

For her remaining point plaintiff states that the trial court erred in setting aside the judgment because *res judicata* barred the Association from having a right to set aside the judgment as defendant's attempt to set aside the judgment was final.

*Res judicata* prevents a party or privy from relitigating facts or questions in issue in a former action between the same parties which has been settled by judgment on the merits. *Stadium Bank v. Milton,* 589 S.W.2d 338, 342 (Mo.App.1979). The test, therefore, is whether the litigants present an identity of issues. *Id.*

*Res judicata* applies not only to parties but to those in privity with them. *Johnston v. Allis Chalmers Corp.,* 736 S.W.2d 544, 548 (Mo.App.1987). Privity connotes those who are so connected with the party to the judgment as to have an identity of interest that the party to the judgment represented the same legal right. *Drainage Dist. No. 1 Reformed v. Matthews,* 361 Mo. 286, 234 S.W.2d 567, 574 (Mo.1950). *See also Johnston,* 736 S.W.2d at 549.

Whether parties are in privity depends mostly on their relationship to the subject matter of the litigation. *Knowlton v. Ripley County Memorial Hospital,* 743 S.W.2d 132, 135 (Mo.App.1988). However, privity is not established because the parties are interested in the same question or in proving or disproving the same state of facts. *Retirement Board of Police Retirement v. Noel,* 652 S.W.2d 874, 878 (Mo. App.1983).

Neither an identity of issues nor privity between defendant and the Association is present here. Whether defendant was entitled to set aside the judgment is a different issue than whether the Association might have a right to do so. The Association, not its insured, except when the Association is acting "on behalf of such insured", has a right in certain circumstances under *§ 375.785.10* to set aside a judgment. That right depends on facts different from those that might give defendant a separate right to set aside the judgment. Both of those parties would be interested in setting aside the judgment but the facts on which either, acting on its own right, might be entitled to relief are different. The Association's rights arise not through or by its insured the defendant, but by statute independent of its insured. Plaintiff's third point is denied.[2]

The order setting aside the judgment is affirmed.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

COVINGTON, J., not participating because not a member of the Court when cause was submitted.

---

**2.** As the Association has an independent statutory right to be a party, which right cannot be taken away from it by an insured, cases indicating that where an insurance company has notice and an opportunity to defend, that it is in privity with its insured are not applicable here. Such cases include *Wells v. Hartford Accident and Indemnity Company,* 459 S.W.2d 253 (Mo. banc 1970); *Stoverink v. Morgan,* 660 S.W.2d 743 (Mo.App.1983); *Listerman v. Day and Night Plumbing & Heating Service,* 384 S.W.2d 111 (Mo.App.1964); *State ex rel. State Farm Mutual Automobile Insurance Co. v. Craig,* 364 S.W.2d 343 (Mo.App.1963); *Mid–Century Insurance Co. v. Varos,* 96 N.M. 572, 632 P.2d 1210 (1981).