**Debra KIRBY (Nordyke),**
**Plaintiff/Appellant,**

v.

**HAAS BUILDING MANAGEMENT,**
**INC., Defendant/Respondent.**

**No. WD 42930.**

Missouri Court of Appeals,
Western District.

Oct. 30, 1990.

Larry M. Brummet, Jay T. Grodsky, Kansas City, for plaintiff/appellant.

Hal D. Meltzer and Greg Pottorff, Turner and Boisseau, Kansas City, for defendant/respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Debra Kirby appeals from a judgment denying relief on her petition in equity for amendment of judgment or declaratory judgment.   She contends the court erroneously applied the doctrine of collateral estoppel.   Affirmed.

In January, 1981, Kirby was raped in her apartment and filed an action against the manager of the apartment building, William C. Haas Company.   In July, 1983, the court entered a default judgment against William C. Haas & Company, Inc. for $400,-000 actual damages and $150,000 punitive

damages. The judgment was entered against William C. Haas & Company, Inc. because Kirby was informed that was the correct corporate name of the manager of the apartment building. Since the date of the default judgment Kirby has engaged in continuous litigation seeking to amend the judgment by changing the name of the defendant against whom the judgment was entered from William C. Haas & Company, Inc. to Haas Building Management, Inc. Without attempting to detail the numerous attempts made by Kirby to amend the default judgment, it is sufficient to note that Kirby filed a petition in equity in October, 1984, alleging that Haas Building Management, Inc. conducted business under the trade name of William C. Haas Company and William C. Haas & Company, Inc. In March, 1988, the trial court denied Kirby relief and an appeal was taken to this court. The judgment of the trial court was affirmed in an order. In an unpublished memorandum accompanying the order, this court stated that Kirby was contending that the trial court erred in denying her relief when it declined to include Haas Building Management, Inc. as a defendant in the default judgment and to allow execution against it. This court held that the trial court in January, 1987, had ruled against Kirby in her attempt to amend the judgment by including Haas Building Management, Inc. as a defendant and that Kirby had appealed from that judgment. This court stated that Kirby's appeal was dismissed, thereby finally resolving all issues regarding the attempt to amend the 1983 judgment to include Haas Building Management, Inc. as the defendant against whom judgment had been entered. This court held that it was precluded from further consideration of the validity of the January, 1987, judgment.

In May, 1989, Kirby filed an action against Haas Building Management, Inc. in two counts. The first count sought to amend the 1983 default judgment to include Haas Building Management, Inc. as the name of the defendant against whom judgment was entered and to allow enforcement of the judgment against Haas Building Management, Inc. Court II sought a declaratory judgment that Haas Building Management, Inc. was using the trade name William C. Haas & Company, Inc. in its management of the apartment building at the time the rape occurred. It is from the judgment denying relief on this cause of action that Kirby brings this appeal.

■ Count I of the petition sought to amend the judgment entered in July, 1983. The petition seeking this amendment was filed almost six years after the judgment was entered. The trial court lost control of the judgment thirty days after it was entered under Rule 75.01. The court had no power to amend the judgment under Count I of the petition filed in this case. *Lake Thunderbird Prop. Owners Ass'n, Inc. v. Lake Thunderbird, Inc.,* 680 S.W.2d 761, 763[2] (Mo.App.1984). The judgment denying relief on Count I was correct.

■ The trial court found that Count II of Kirby's petition was barred by the doctrine of collateral estoppel. Collateral estoppel prevents the same parties or their privies from relitigating issues which have previously been litigated, while res judicata precludes the same parties or their privies from relitigating the same cause of action. *Am. Polled Hereford Ass'n v. City of Kansas City,* 626 S.W.2d 237, 241[3, 4] (Mo. 1982). Kirby is making the same claim that this court has previously said had been finally resolved when her notice of appeal was dismissed in February, 1987. Thus, this court has already determined that Kirby's claim that the July, 1983, judgment should be amended to include Haas Building Management, Inc. as a defendant has become res judicata. This action is a continuation of the effort which this court has already declared to be res judicata.

It is beyond question that "[r]es judicata prevents a party or privy from relitigating facts or questions in issue in a former action between the same parties which has been settled by judgment on the merits." *Clements v. Pittman,* 765 S.W.2d 589, 591[3, 4] (Mo.banc 1989). This court in November, 1988, held that Kirby's claim that the July, 1983, judgment should be

amended to include Haas Building Management, Inc. as a defendant had been finally resolved in 1987. This court now holds for the second time that such claim is barred by res judicata. Hopefully, this will put to rest this prolonged litigation seeking to add Haas Building Management, Inc. as a defendant to the July, 1983, judgment. The court correctly denied relief on Count II.

·The judgment is affirmed.

All concur.