**STATE of Missouri, Respondent,**

v.

**Herbert L. CYPRIAN, Appellant.**

No. 62873.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 19, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The trial court sentenced defendant, Herbert L. Cyprian, as a prior offender after a guilty jury verdict on the charge of robbery

in the second degree. Section 569.030 RSMo 1986. In support of an argument for new trial, defendant contends the trial court committed reversible error by: (1) overruling defendant's objection to the state's peremptory striking venireperson Patterson; and (2) in allowing the state to cross-examine defendant regarding a confession in an unrelated misdemeanor stealing case and eliciting details of the misdemeanor.

The evidence viewed in the light most favorable to the verdict supports findings that on February 15, 1992, defendant robbed a Pizza Hut restaurant in St. Louis County, Missouri, of $113 by the use of force. An employee testified defendant pushed her aside so he could grab the money from the cash register. Several days later, an anonymous telephone call to the restaurant identified Herbert L. Cyprian as being the robber. Subsequently, two restaurant employees positively identified defendant at photo line-ups. During testimony, defendant admitted he stole $113 from the cash register, but claimed he did so without touching anyone.

■ Defendant's first claim of error regarding a *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) challenge fails for two reasons. First, the issue is not properly preserved. The prosecutor stated he struck one black venireperson because this person appeared disinterested, looked away when questioned by the prosecuting attorney, and was more forthright in answering questions of defense counsel than questions of the prosecuting attorney. In response, defendant merely made a very general *Batson* objection. Defendant made no showing how the stated reasons for the strike were pretextual. This was not sufficient to preserve the claim of error. *State v. Hudson,* 822 S.W.2d 477, 481 (Mo.App.1991).

■ Second, the trial court found that the use of one of six strikes to remove a black venireperson for the dual reasons given did not violate *Batson* because the reasons were race neutral. This finding was supported by the statements made by counsel and was not clearly erroneous. *State v. Griffin,* 756 S.W.2d 475, 482 (Mo. banc 1988), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3175, 104 L.Ed.2d

1036 (1989); *State v. Gray,* 849 S.W.2d 115, 117 (Mo.App.E.D.1993).

Defendant's second claim of error relates to cross-examination testimony and admission of exhibits regarding a prior stealing conviction. Defendant testified and admitted a prior drug conviction, a prior felony forgery conviction, two prior stealing convictions; one in the City of St. Louis and one in St. Louis County. In the process of the St. Louis County stealing charge, defendant made a statement and wrote, "I did not use any force against the clerk." In the present case, he testified he was aware of the difference between robbery, which requires the proof of force, and stealing, which does not. Later in his testimony, he denied knowledge of the difference. In order to overcome this denial, the prosecutor referred to defendant's written statement from the stealing case. During the inquiry, the defendant made no objection. Previously, outside the hearing of the jury, the court overruled an objection that the statement was "completely immaterial, irrelevant; prejudicial effect far outweighs the probative value." However, during the relevant testimony, no objection was made.

■ This claim of error fails for several reasons. First, as noted, it is not properly preserved by timely objection.

■ Second, defendant has added claims of error for improper impeachment and inflammatory effect. These grounds were not trial court issues and are not properly before us. *State v. Cheek,* 760 S.W.2d 162, 164 (Mo.App.1988).

■ Third, defendant testified and narrowed the fact issue in the case to the question of whether force was used. His knowledge of the difference between robbery, which requires proof of force, and stealing, which does not, was relevant. The cross-examination regarding the statement given in a prior stealing misdemeanor case was relevant on the disputed question of fact, which was an issue for the jury.

■ Fourth, defendant's testimony was subject to the same contradiction and impeachment as any other witness. *State v.*

*Leisure,* 810 S.W.2d 560, 571 (Mo.App.1991). Defendant's argument relates only to evidence which was intended to contradict and impeach part of his own testimony.

■ Fifth, defendant's contention that details of the previous misdemeanor stealing charge were made part of the testimony is factually incorrect. The record does not disclose any details regarding time, place, or other circumstances which led to the stealing charge. The evidence related only to defendant's acknowledgement in writing that he was aware of the need to prove force for a robbery conviction.

■ Absent clear abuse, we will not interfere with a decision concerning the admission or exclusion of evidence at trial. *State v. Clark,* 711 S.W.2d 928, 932 (Mo.App.1986). For the reasons given, we find no abuse of discretion. Moreover, the evidence now contested, was admissible because it had a legitimate tendency to directly establish guilt of the crime for which he was on trial. *State v. Kenley,* 693 S.W.2d 79, 81 (Mo. banc 1985), *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986).

We find no prejudice from reference to the stealing charge and conviction. Defendant admitted four prior convictions and admitted taking money from the cash register. He narrowed the fact issue to one of force or absence of force. The cross-examination added no prejudicial evidence which would misdirect the jury when it considered the narrow fact issue. There has been no effort to establish how defendant was prejudiced by the inquiry under these circumstances. The evidence was clearly relevant. Point denied.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.