**STATE of Missouri, Respondent,**

v.

**Johnnie Lee JOHNSON, Appellant.**

Nos. 70787, 70876.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1997.

Deborah B. Wafer, Dist. Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Johnnie Lee Johnson, was charged, jury tried, convicted and sentenced for driving while intoxicated, a class D felony, in violation of Section 577.010 RSMo 1994. The trial court sentenced defendant as a prior and persistent offender to serve a term of five years.

The sole issue on appeal is whether there is sufficient evidence to support a finding that defendant was intoxicated when operating a motor vehicle on Perryville Road in Cape Girardeau County on November 17, 1994. At trial, defendant informed the jury in his opening statement that at approximately 9:55 p.m., a pick-up truck forced him off the road, and he "promptly" called the police. The police received notice of the event at 9:55 p.m., and Sergeant Buddy Davis (Sgt.Davis) arrived at the scene at 10:06 p.m. Defendant argued in closing argument that he called the police and reported the event, and Sgt. Davis arrived shortly after his call. On appeal, he argues the evidence did not support a finding of when the event occurred, thus, his physical condition at that time is unknown. Defendant did not testify. He did not contest that he was operating his vehicle when it left the road. The issue to be decided is whether or not he was intoxicated when the event occurred. Sgt. Davis testified that he believed the accident was reported "as soon as it happened." Sgt. Davis described defendant's appearance when he first met him; defendant was staggering, his speech was slurred, he emitted a strong odor of an alcoholic beverage and his eyes were bloodshot. Defendant failed to pass several field sobriety tests. When defendant was booked at the police station, a thirty minute video tape was made. The tape was played for the jury. It contained an admission by defendant that he had been drinking. Generally, the state's evidence was sufficient to support a finding that defendant was guilty of the charged crime. Specifically, the evidence of his condition within minutes of the accident, supported an inference he was intoxicated while driving. See *State v. Block*, 798 S.W.2d 213, 215 (Mo.App. 1990).

On appeal, defendant argues a position never presented to the trial court by objection or in the motion for new trial. His defense at trial was simply that he was not intoxicated. He now argues the state failed to make a submissible case because there was no evidence given as to when the accident occurred, and as to whether he did not drink intoxicating beverages after the accident and before the officer arrived. Thus, defendant argues the state failed to establish he was intoxicated when he was driving his car.

Defendant's sole issue on appeal fails. First, there is evidence to support a finding the accident occurred shortly before 9:55 p.m. when defendant "promptly" reported it to the police. Sgt. Davis arrived eleven minutes later and determined that defendant was then intoxicated. Thus, cases cited by

defendant where the time of driving was not provable, *State v. Liebhart*, 707 S.W.2d 427, 429 (Mo.App.1986), or too remote to support an inference of intoxication, *State v. Block*, supra, are not on point. In *State v. Avellone*, 792 S.W.2d 54 (Mo.App.1990), we affirmed a DWI sentence on substantially the present facts. In that case, an accident occurred at 10:15, it was reported at 10:20 and a police officer arrived at 10:40. *Id.* Evidence of the driver's intoxication when the police officer arrived, twenty-five minutes after the accident, supported an inference that his condition was the same at the time of the accident. *Id.*

Second, defendant argues in support of his point on appeal that the state failed to provide evidence to support a finding he did not change his condition between the time of the accident and the arrival of Sgt. Davis. This was not an issue at trial or in defendant's motion for new trial. A defendant may not successfully claim trial court error on an evidentiary issue on a theory not presented to and not decided by the trial court. *State v. Cyprian*, 864 S.W.2d 10, 11 (Mo.App. E.D.1993); *State v. Cheek*, 760 S.W.2d 162, 164 (Mo.App.1988).

We hold there was sufficient evidence from which a reasonable juror might have found defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405–408 (Mo. banc 1993), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). The evidence supported an inference that defendant was intoxicated when he failed to make a curve and drove off the highway because the accident was promptly reported, and the officer arrived eleven minutes after the report and found defendant intoxicated.

We affirm the sentence and denial of Rule 29.15 relief.

AHRENS, P.J., and CRANDALL, J., concur.